(October 26, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SANTOS, Appellant.—Judgment of the Supreme Court, Bronx County (Frank Diaz, J.), rendered February 26, 1988, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, and sentenced him, as a second felony offender, to concurrent terms of imprisonment of from 10 to 20 years on the sale count and of one year on both the possession and resisting arrest counts, is unanimously affirmed.

Defendant was indicted in Bronx County for the sale of two vials of crack to an undercover police officer and for possession of other drugs when arrested. At trial, just before calling the undercover police officer as a witness, the prosecutor requested that the courtroom be closed to the public during his testimony. Defendant's attorney opposed the request, whereupon the court excluded the only spectator present, defendant's mother, and proceeded to question the police officer under oath as to why he wanted the courtroom closed. Re-

sponding to the court's inquiries, he stated that he feared an open courtroom because he was still an active undercover police officer engaged in buy and bust operations throughout The Bronx three or four times a week, and "there could be a lot of individuals that might come into an open courtroom and be able to recognize me jeopardizing my safety"; concerning defendant's mother, however, he stated that her presence in the courtroom would not cause him a problem. No questions were put to the witness by either the prosecutor or defense counsel concerning his reasons for wanting the courtroom closed. The court decided to close the courtroom and exclude defendant's mother, saying with respect to the latter that it did not know "what contacts, if any, she has on the streets of the South Bronx."

Defendant argues that the courtroom was closed during the testimony of this witness for no other reason than that he was still working undercover, and that this was error. The witness's "unparticularized impressions" of danger, defendant argues, could just as well have been made by any active undercover officer, and were not enough to justify an "exception to the norm of a public trial" within the stringent "compelling reasons" and "unusual circumstances" standard enunciated by the Court of Appeals in *People v Jones* (47 NY2d 409).

While we are prepared to accept that the witness had no more reason to fear an open courtroom than would any other witness engaged in what defendant acknowledges to be an "undeniably hazardous" line of work, we do not think more reason is needed to justify a courtroom closure. Active engagement in the community as an undercover narcotics agent is itself a compelling reason for excluding the public from the courtroom, at least when the fact of such engagement is elicited from the witness himself *(People v Glover,* 57 NY2d 61, 65 ["We also reject defendant's submission that it was an abuse of discretion for the trial court, after a hearing to have closed the trial to the public during the testimony of the undercover agent who was then still actively engaged in narcotics investigation."]; *compare, People v Cuevas,* 50 NY2d 1022 [error to close courtroom solely on basis of prosecutor's representation that witness was still undercover absent adequate inquiry of the witness himself]; *accord, People v Stanton,* 108 AD2d 688 [1st Dept]; *but see, People v Pollock,* 50 NY2d 547 [not error to close courtroom on basis of prosecutor's representation that witness was still undercover when defense counsel did not request a hearing or dispute People's conten-

tion that a public appearance would expose witness to danger]). Insofar as *People v Richards* (48 AD2d 792) is to the contrary, it is overruled.

We also reject defendant's contention that his mother should not have been excluded from the courtroom "without some specific factual support demonstrating that that [she] posed a threat to the witness." The question before the trial court was not whether particular individuals, but rather the public-at-large, should have been excluded from the courtroom. It would place too much of a burden on a trial court to have it consider the risks posed by the presence in the courtroom of any and all spectators who happen to be there when an undercover officer is called to testify.

We have considered defendant's argument that his sentence was excessive and find it without merit. Concur—Murphy, P. J., Sullivan, Asch, Rosenberger and Wallach, JJ.