■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE CLARK, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie G. Wittner, J.), rendered June 21, 1988, convicting defendant, after a jury trial, of rape in the first degree and sodomy in the first degree and sentencing defendant to concurrent terms of from 6 to 18 years' imprisonment, unanimously affirmed.

The complainant testified that in the early morning hours of February 13, 1987, as she returned home to her apartment building at 340 East 184th Street, she was accosted by the defendant who, at knifepoint, led her across the street into the building's elevator and up the stairway from the sixth floor to

the rooftop, where he raped and sodomized her, despite her plea that she was pregnant. While the complainant admittedly had little opportunity to observe defendant's features either in the street, on the elevator, or on the darkened rooftop where the crime occurred, she did testify that she had sufficient time and opportunity to observe the defendant as they walked slowly, side by side, out of the elevator and toward the stairway which led to the roof. We find that the in-court identification of defendant by the complainant was in accord with the weight of the evidence. Nor was defendant's guilt called into question by the statement attributed by the complainant to the perpetrator that he had recently been released from incarceration, which the jury properly rejected as a transparent subterfuge to impede apprehension.

Defendant's contention that the court improperly curtailed his right to examine the complainant with respect to her use of narcotics is without merit. Immediately prior to trial, the prosecutor sought a ruling limiting examination of the witness concerning her use of cocaine, and in particular, regarding the birth of complainant's cocaine-addicted child some four months after the rape. The court reserved its ruling on these issues until the complainant testified. On direct examination, the complainant admitted having used "drugs", but not at the time of the incident, and the defendant was permitted to inquire whether the complainant had used "cocaine" or "drugs" at all during the entire week preceding the commission of the rape. In the absence of any further ruling by the court, or attempt by defendant to elicit further testimony on the subject, defendant's argument that the court curtailed the scope of cross-examination is unpreserved. (*People v Fleming,* 70 NY2d 947.) Were we to reach the issue, we would affirm, since the complainant's use of cocaine as it related to her credibility was adequately explored at trial. (*People v Washpon,* 134 AD2d 384.)

The court's charge on identification was legally sufficient. (*People v Whalen,* 59 NY2d 273.) Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.