■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BILLUPS, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered March 21, 1989, convicting defendant after a jury trial of criminal possession of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of seven and one-half to fifteen years, unanimously affirmed.

Defendant claims that his conviction of selling two vials of crack is against the weight of the evidence. He argues that the undercover officer alone identified him and that no "prere-

corded" buy money was recovered, but these arguments fail to show that the jury improperly evaluated the identification evidence. The undercover officer's encounter with defendant was brief, but it was planned *(People v Morales,* 37 NY2d 262), and we find that the verdict was supported by credible evidence. *(People v Bleakley,* 69 NY2d 490.)

We also find that there is no likelihood that the inadmissible testimony of one of the officers who participated in defendant's arrest contributed to the verdict against defendant. That officer should not have testified that a positive identification had been made by the undercover officer *(People v Trowbridge,* 305 NY 471), and while defendant's identification was the substantial issue at the trial, the undercover officer's identification testimony was " 'clear and strong' " *(People v Mobley,* 56 NY2d 584, 585). Moreover, the court's charge specifically noted that the only identification testimony in the case was given by the undercover officer.

While there is ambiguity in the record, defendant's claim that the verdict was repugnant has been preserved for our review. (CPL 470.05 [2]; *People v Alfaro,* 66 NY2d 985, 987.) Defendant brought the motion to the attention of the court in time for the court, had it ruled that there was merit to the motion, to have resubmitted the matter to the jury to obtain a consistent verdict. Nevertheless, when the verdict is considered in light of the trial court's charge on the essential elements of each crime, which charge was not objected to by defendant, the jury did not improperly find defendant not guilty of criminal sale of a controlled substance in the third degree and guilty of criminal possession of a controlled substance in the third degree. *(People v Tucker,* 55 NY2d 1; *People v Ochoa,* 119 AD2d 703, *lv denied* 68 NY2d 671.)

We further find that the trial court did not abuse its discretion when it sentenced defendant. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Smith, JJ.