■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GONZALEZ, Appellant.—Judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered October 10, 1989, convicting defendant after a jury trial of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him as a predicate felony offender to concurrent terms of imprisonment of 6 to 12 years, and one year, respectively, unanimously affirmed.

Defendant was arrested following a "buy and bust" operation, when he and co-defendant Calderon were observed by an undercover police officer hawking heroin on the street. At trial, the arresting officer testified that immediately subsequent to the arrest the undercover officer had made a drive-by identification, confirming that the correct suspects were in custody.

Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), we find that defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. Defendant's bolstering claim is unpreserved for review as a matter of law (CPL 470.05 [2]; People v Hendricks, 159 AD2d 396, lv denied 76 NY2d 736). Were we to review it in the interest of justice, we would find the claim to be without merit. Police testimony concerning the execution of a "buy and bust" operation is permissible and does not constitute improper bolstering when the identification testimony is provided by a trained undercover officer, after a face-to-face drug transaction, and another officer testifies as to what he observed at the scene, including the drive-by confirmatory identification. (People v Hendricks, supra; People v Wharton, 74 NY2d 921, 922-923.) Concur—Sullivan, J. P., Wallach, Asch and Smith, JJ.