■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CRUZ, Appellant.—Judgment, Supreme Court, Bronx County (Robert Cohen, J., at *Mapp/Huntley/Rosario* hearing, trial and sentence), rendered August 2, 1989, convicting defendant, after a jury trial, of murder in the second degree, burglary in the first degree and assault in the second degree, and sentencing him, respectively, to an indeterminate prison term of from twenty years to life and two indeterminate prison terms of from two and one-third to seven years, all to run concurrently, unanimously affirmed.

After the defendant forced open the door to where the deceased lived, he repeatedly stabbed her in the chest and then stabbed her nine-year-old daughter in the back. Prior to trial, a *"Rosario"* hearing was held regarding the loss of notes taken by two investigating detectives which were used to complete "DD5" police reports. As a sanction for the loss of this *Rosario* material, the court granted defendant's request to preclude the two detectives from testifying but denied his request to dismiss the indictment. The court also denied defendant's request for an adverse inference instruction "subject to any further development at trial". Defendant never renewed his request for an adverse inference charge and did not object to the court's failure to so charge.

Defendant's contention that the court should have delivered an adverse inference instruction has been waived for appellate review *(People v Clark,* 161 AD2d 446, *lv denied* 76 NY2d 854). Moreover, the court did not abuse its discretion in imposing only the more severe sanction of preclusion as requested by

defendant. Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.