■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES OKONKWO, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J., at *Hinton* hearing and jury trial), rendered March 14, 1990, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him as a predicate felon to 4½ to 9 years imprisonment, unanimously affirmed.

Defendant's conviction arises out of his arrest on October 22, 1989, for the street sale of three vials of crack cocaine to an undercover police officer in exchange for prerecorded buy money recovered from defendant.

Contrary to defendant's argument, we perceive no abuse of discretion by the trial court in granting the People's request, after hearing, that the courtroom be closed to the public only during the testimony of the undercover officer. Inquiry by the People, the defense, and the court, indicated that the officer was then active as an undercover officer in the area of defendant's arrest herein, involved in on-going undercover narcotics investigations conducted in that area, and likely to be assigned to future undercover narcotics operations in the same area. Thus, jeopardy to the undercover officer's effectiveness and, indeed, to his life by exposure of his identity was properly determined to be an overriding interest to defendant's constitutional right to a public trial. *(See, Waller v Georgia,* 467 US 39; *see also, People v Cintron,* 75 NY2d 249.) Defendant's argument, first raised on appeal, that the trial court might have considered some alternative to closing the courtroom during the undercover officer's testimony, such as having the officer testify behind a screen, is purely speculative and unpreserved for appellate review by appropriate and timely objection (CPL 470.05). In this connection, it is noteworthy that the trial record indicates that only the undercover officer was present in the courtroom at the time of the hearing and determination regarding closure.

Likewise without merit is defendant's argument that the trial court erred in admitting evidence that at the time of defendant's arrest herein $389 in cash was recovered from defendant's pocket in addition to $15 in prerecorded buy money, and in allowing the prosecution to comment thereon

during summation. This evidence initially was introduced by the People in connection with refreshing the arresting officer's recollection of the denominations of the recovered prerecorded buy money, and to establish the vouchering process. Although a general objection was made (apparently in connection with the issue of "forfeiture" of the money), as the police voucher form was admitted into evidence without any objection by defendant, he has failed to properly preserve the issue for appellate review (CPL 470.05). Nevertheless, thereafter defense counsel's extensive cross-examination of the People's witnesses repeatedly attempted to establish that the narcotics team herein mistakenly arrested defendant as a drug dealer, in an area usually crowded with street vendors peddling various merchandise. And in summation, defense counsel noted that defendant was "supposed to have sold drugs," yet no drugs were recovered from him at arrest. He asked the jury to question how and why prerecorded buy money was recovered from defendant, as well as the accuracy of the police voucher form listing the money recovered from defendant. In light of defendant's affirmative use of the evidence now objected to, both in cross-examination and summation, and in light of the overwhelming evidence of defendant's guilt herein, any error in the admission of such testimony is rendered harmless *(see, People v Crimmins, 36 NY2d 230)*. In these circumstances, the People's comment thereon in summation constituted fair comment on the evidence *(see, e.g., People v Fielding, 158 NY 542)*, and appropriate response to the defense summation *(see, e.g., People v Marks, 6 NY2d 67, cert denied 362 US 912)*. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.