■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERA, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J., at hearing and trial), rendered May 22, 1989, convicting defendant, after a jury trial, of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent indeterminate prison terms of from 7½ to 15 years and two terms of from 4 to 8 years, respectively, unanimously affirmed.

While on his way home from celebrating the recent birth of his first child, off-duty Police Officer Lamontanaro was pulled out of his car by defendant and two others, repeatedly beaten with a baseball bat and robbed of his wallet. By the time Lamontanaro had gotten to his feet, defendant and his cohorts were already in their car.

On the following day, defendant's step brother, Edwin Mercado, overheard defendant and his cohorts discussing the robbery. When Lamontanaro's wallet was discarded, Mercado retrieved it. In exchange for a promise to speak to Mercado's probation officer about permitting him to relocate, Mercado offered the police the wallet and information about the robbery.

Defendant was identified by Lamontanaro in a photographic array and in a lineup. While both the array and the lineup are challenged by defendant, it is clear that they were not unduly suggestive. The photo array properly consisted of similar individuals and the lineup procedure was properly conducted to insure fairness. In any event, the record demonstrated that Lamontanaro had an adequate independent source for his in-court identification of defendant *(see, People v Adams,* 53 NY2d 241).

Defendant's challenge to the sufficiency of the evidence establishing his guilt of the crimes is without merit. Since the evidence must be viewed in a light most favorable to the People and since the jury's determination of credibility is entitled to great deference *(People v Patterson,* 155 AD2d 363),

it is clear that the prosecution proved defendant's guilt beyond a reasonable doubt. Indeed, Lamontanaro's ability to make an accurate identification was enhanced by his experience as a police officer *(see, People v King,* 146 AD2d 714, 715, *lv denied* 73 NY2d 979).

Defendant also claims that the trial court erroneously precluded him from offering medical evidence which demonstrated that he had two pins in his leg, in order to rebut Lamontanaro's alleged testimony that he saw defendant running to his car after the attack. However, a review of the evidence reveals that Lamontanaro never testified that he saw defendant running. Hence, the medical testimony had little relevance, if any, and was in any event, too ambiguous and speculative to warrant its admission at trial *(see, People v Scarola,* 71 NY2d 769).

We have considered all other claims and find them to be meritless. Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.