■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSE BROWN, Appellant.—Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered June 20, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and sentencing her to a term of imprisonment of from 4½ to 9 years, unanimously affirmed.

The primary issue raised on appeal concerns the court's closure of the courtroom during the trial testimony of the undercover officer following a hearing. Our review of the record fails to disclose any abuse of discretion by the court in granting the People's request for closure to the public during the testimony of the undercover officer. At the hearing, the officer testified that he was then active as an undercover officer in the geographical area of defendant's arrest, and was involved in ongoing undercover narcotic investigations. Thus, the jeopardy to the undercover officer's effectiveness and his safety was properly determined to be an overriding interest (see, Waller v Georgia, 467 US 39; People v Kin Kan, 78 NY2d 54, rearg denied 78 NY2d 1008; People v Okonkwo, 176 AD2d 163).

Defendant asserts that the court failed to consider the alternative of allowing her father, the only spectator in the courtroom at the time of the hearing and determination regarding closure, to remain during the undercover officer's

testimony. The mere fact that the court did not make a specific exception for defendant's father after defendant's general objection does not ineluctably lead to the conclusion that the court failed to consider alternatives to total closure. *(People v Vidal,* 172 AD2d 228, *lv denied* 78 NY2d 927.)

Defendant's bolstering claim is unpreserved for appellate review (CPL 470.05 [2]; *People v Hendricks,* 159 AD2d 396, *lv denied* 76 NY2d 736). Were we to review in the interest of justice, we would find the claim to be without merit *(see, People v Gonzalez,* 172 AD2d 276, *lv denied* 77 NY2d 995). Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.