■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD PEARSON, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered October 3, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years imprisonment, unanimously affirmed.

Defendant, assisted by the codefendant, sold two vials of crack cocaine to an undercover police officer. The undercover immediately radioed a description of the sellers to her backup team, and within minutes they were arrested. Additional crack cocaine as well as the prerecorded buy money were found in the codefendant's possession.

We reject defendant's contention that the trial evidence did not show a chain of custody sufficient to permit the introduction into evidence of the drugs taken from the codefendant. The identity of the drugs and their unchanged condition were sufficiently established. The presence of broken glass in the exhibit was adequately explained by the fact that crack pipes were also seized at the time of the arrest and placed in the envelope with the crack cocaine. There was no indication that this glass came from a foreign object or other suggestion of tampering. Any deficiency in the proof concerning chain of custody went to the weight of the evidence and not its admissibility *(People v Piazza,* 121 AD2d 573, 574, *lv denied* 68 NY2d 916).

We also reject defendant's argument that the trial court improperly ordered closure of the courtroom during the undercover officer's testimony. At a *Hinton* hearing *(People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the undercover testified that she was still actively engaged in undercover buys at the same location and would be so assigned in the future, and that she therefore feared for her life if she were to testify in open court. Under such circumstances, we have consistently held that closure of the courtroom during an undercover police officer's testimony is proper. *(People v Okonkwo,* 176 AD2d 163, *lv denied* 79 NY2d 862; *People v Santos,* 154 AD2d 284, *lv denied* 75 NY2d 817.) Concur—Sullivan, J. P., Carro, Milonas, Wallach and Kupferman, JJ.