■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA JOHNSON, Appellant.—Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered November 8, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her to a prison term of 4½ to 9 years, unanimously affirmed.

Defendant was arrested after an undercover police officer, who had an unobstructed view of defendant's face and distinctive clothing, observed defendant selling drugs. The undercover officer then confirmed that defendant was the seller. Such identification evidence from a trained undercover police officer was sufficient to prove defendant's guilt *(see, People v Rivera,* 176 AD2d 216, 217, *lv denied* 79 NY2d 863). Accordingly, defendant's guilt was proven beyond a reasonable doubt. Notwithstanding defendant's argument to the contrary, the fact that no drugs or prerecorded buy money were recovered from defendant does not detract from the sufficiency of the evidence of her guilt *(see, People v Billups,* 171 AD2d 513, 514, *lv denied* 78 NY2d 920; *People v Jenkins,* 164 AD2d 770, *lv denied* 76 NY2d 894). Concur—Milonas, J. P., Ellerin, Ross and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ARNOLD, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered April 3, 1991 convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree and burglary in the second degree (two counts) and sentencing him as a second felony offender to a term of 5-½ to 11 years, and three terms of 3-½ to 7 years imprisonment, respectively, to be served concurrently, unanimously affirmed.

By failing to object to the court's *Sandoval* ruling, defendant failed to preserve his claim for appellate review *(People v Johnson,* 169 AD2d 553, *lv denied* 78 NY2d 968). Were we to review in the interest of justice, we would find the claim to be without merit as we find no abuse of discretion in allowing limited inquiry into the fact that defendant had three misdemeanor convictions and two felony convictions.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Ross and Asch, JJ.