■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALICEA VELEZ, Also Known as IRIS RAMOS, Appellant.—Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered February 26, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and three counts of criminal possession of a controlled substance in the third degree, and sentencing her, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating the conviction under count two of the indictment for criminal possession of a controlled substance in the third degree, and dismissing that count of the indictment, and otherwise affirmed.

Defendant's *Rosario* claim is unpreserved, as she never requested a sanction for the arresting officer's destruction of his notes containing the substance of the undercover officer's radioed description of defendant *(People v Cruz,* 172 AD2d 365, *lv denied* 78 NY2d 964). Similarly unpreserved is the claim that the arresting officer implicitly bolstered the undercover officer's identification testimony, a claim which, in any event, is without merit since police testimony concerning a drive-by confirmatory identification in the context of a "buy and bust" operation does not constitute bolstering *(People v Gonzalez,* 172 AD2d 276, *lv denied* 77 NY2d 995).

We modify only to dismiss the possession count based on possession of the same heroin sold to the undercover officer *(see, People v Gaul,* 63 AD2d 563, *lv denied* 45 NY2d 780).

Concur—Murphy, P. J., Carro, Rosenberger, Ross and Asch, JJ.