■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ROSADO, Appellant. [595 NYS2d 20] —Judgment, Supreme Court, New York County (Irene Duffy, J.), rendered

June 28, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 5½ to 11 years and one year, respectively, unanimously affirmed.

Defendant was arrested for the sale and possession of cocaine during a buy and bust operation. At trial, the undercover officer testified that he wrote a description of the defendant on an envelope and that later at the precinct, he used the arresting officer's arrest report and the description he had written on the envelope to complete his buy report. He then discarded the envelope.

Viewing the evidence in a light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. This is true despite the fact that no prerecorded buy money was recovered from defendant *(People v Johnson,* 187 AD2d 404). Moreover, upon a factual review, we are satisfied that the verdict was not against the weight of the evidence.

Defendant's claim that he is entitled to a new trial because the court failed to impose sanctions upon the People for the undercover officer's destruction of the envelope is unpreserved for appellate review, and we decline to reach the issue in the interest of justice. In any event, defendant's identification was clearly established since involved here was a face-to-face drug sale after which the undercover officer made an immediate drive-by confirmatory identification *(People v Cruz,* 179 AD2d 529, *revd on other grounds* 81 NY2d 738). Further, defense counsel elicited from the undercover officer information regarding the description of defendant contained in the arrest report and the envelope.

Defendant's claim that the arresting officer impermissibly bolstered the undercover officer's testimony is unpreserved for appellate review because he failed to interpose specific objections to the testimony *(People v Balls,* 69 NY2d 641). In any event, the claim is without merit since police testimony concerning a drive-by confirmatory identification in the context of a buy and bust operation does not constitute bolstering *(People v Velez,* 189 AD2d 572). Concur—Carro, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.