■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRINGTON REYNOLDS, Appellant. [595 NYS2d 451] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered June 14, 1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the first degree, and sentencing him to 25 years to life, unanimously affirmed.

The People's evidence established defendant's involvement with a large scale cocaine operation which proposed to sell multiple kilos of cocaine per week to an undercover officer. Viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings of credibility, under the standards set forth in *People v Bleakley* (69 NY2d 490, 495), defendant's guilt was proved beyond a reasonable doubt by legally sufficient evidence, and the verdict was not against the weight of the evidence.

The court's order closing the courtroom during the testimony of the undercover officer was justified by that officer's explanation that he still maintained several undercover operations in the vicinity, that defendant was a lieutenant and bodyguard in one Jamaican posse and a member of another Jamaican posse, that the latter posse previously had put out a contract on the officer's life, and that disclosing his identity in open court not only would render him inoperable as an undercover officer, but would also pose a threat to his life *(People v Santos,* 154 AD2d 284, *lv denied* 75 NY2d 817; *People v Pearson,* 186 AD2d 61).

The undercover officer, who had been born in Jamaica, had conversed with defendant and his accomplice in a Rastafarian dialect. This officer explained that the dialect often was unintelligible even to other Jamaicans. Several of these conversations were tape recorded. The backup officer, who sat in on certain of these conversations, testified that they were incomprehensible to him. The court found, upon listening to the

tapes, that the dialect was the equivalent of a foreign language. As such, tapes of the conversations, and transcripts of the tapes, were properly introduced as evidence *(see, People v Santos,* 168 AD2d 392, *lv denied* 77 NY2d 911). We note that defendant never challenged the accuracy of the transcripts *(see, People v Tapia,* 114 AD2d 983, *lv denied* 67 NY2d 951). That the transcripts were prepared by the undercover officer rather than an independent third-party does not affect the admissibility of either the tapes or the transcripts *(People v Godley,* 130 AD2d 791, *lv denied* 70 NY2d 750).

The court properly permitted introduction of conversations between the undercover officer and the accomplice, who was not available for cross-examination, under the co-conspirator exception of the hearsay rule. The People established a prima facie case of conspiracy *(see generally, People v Bac Tran,* 80 NY2d 170, 179), and defendant is deemed to have adopted the accomplice's statements *(see, People v Sanders,* 56 NY2d 51, 62) even if the statements were made before defendant joined the conspiracy *(United States v Badalamenti,* 794 F2d 821, 828).

By failing to move to vacate judgment pursuant to CPL 440.10 on the basis of defendant's trial representation, defendant has failed to present an adequate record for review *(see, People v Love,* 57 NY2d 998, 1000). On the present state of the record, we cannot conclude that defendant was denied meaningful representation. Given the scope of the narcotics conspiracy, the level of defendant's involvement, and his prior criminal record, we do not find the sentence excessive.

Several of defendant's remaining contentions are unpreserved for review. All are meritless. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.