■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL AGUAYO, Appellant. [606 NYS2d 694] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered January 31, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him as a second felony

offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the testimony of the undercover officer that he purchased one glassine envelope of heroin from defendant in exchange for $10 of prerecorded buy money and identified defendant as the seller approximately five minutes later was sufficient as a matter of law, to prove defendant's guilt beyond a reasonsable doubt, notwithstanding that the prerecorded buy money was not recovered *(People v Johnson,* 187 AD2d 404, *lv denied* 81 NY2d 842). Defendant's contention that the court's supplemental instruction to the jury improperly failed to distinguish between truthfulness and mistake is unpreserved for appellate review as a matter of law, and we decline to review it in the interest of justice. If we were to reach the issue, we would find that the jury's question related to credibility, not mistaken identity, as to which the court had earlier given proper instructions, and that the supplemental instruction was responsive to the question. Finally, there is no merit to defendant's contention that his right to a public trial was denied by the closure of the courtroom during the testimony of the undercover officer, in view of the undercover officer's *Hinton* hearing testimony that he was still working undercover in the neighborhood where defendant was arrested and had an open investigation pending involving the purchase of drugs in that neighborhood, and that, while he did not fear defendant himself, who was not tied to the open investigation, he feared an open courtroom because "one of [defendant's] friends" from whom he was currently purchasing drugs might be there, and he did not know who defendant's friends or family were and whether they themselves might be involved in the drug trade in the neighborhood *(see, People v Martinez,* 82 NY2d 436; *People v Santos,* 154 AD2d 284, *lv denied* 75 NY2d 817; *People v Okonkwo,* 176 AD2d 163, *lv denied* 79 NY2d 862). Defendant's unpreserved claim that the court failed to make the closure no broader than necessary is without merit, defendant having declined the court's invitation to identify "particular friends or family he wished to have in attendance" *(People v Martinez, supra,* at 444). Concur —Sullivan, J. P., Carro, Wallach, Kupferman and Tom, JJ.