■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THAYER CHAPMAN, Appellant. [609 NYS2d 177] —Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered March 31, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The People presented overwhelming evidence that defendant sold narcotics to an undercover officer. The jury's determinations of fact and credibility are supported by the record and will not be disturbed by this Court *(People v Gruttola,* 43 NY2d 116).

Defendant's bolstering claim is unpreserved by appropriate

and timely objection (CPL 470.05), and we decline to review it in the interest of justice. In any event, in this buy and bust case, the arresting officer's testimony regarding the undercover officer's driveby confirmatory identification procedure did not constitute impermissible bolstering *(People v Gonzalez,* 172 AD2d 276, *lv denied* 77 NY2d 995).

The trial court properly denied defendant's request that the court inquire of each juror individually regarding any possible effect of a newspaper article regarding a reporter's experience as a juror on an unrelated drug case *(see, People v Moore,* 42 NY2d 421, 433-434, *cert denied* 434 US 987). Even if the jurors had discussed the article, as suggested by the reported conversation between co-defendant's counsel and a discharged alternate juror, there was no showing that the article in question had any effect whatsoever on jury deliberations in this case, and mere speculation regarding the possibility of prejudice would not support the granting of defendant's mistrial motion *(see, People v Friedgood,* 58 NY2d 467, 473).

Contrary to defendant's argument, the trial court properly received clarification of the jury's request for readback, and afforded counsel ample opportunity to participate after the clarification was received and before providing a response *(People v Lykes,* 81 NY2d 767, 770). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Ross, JJ.