(March 31, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARITZA MORALES, Appellant. [610 NYS2d 186] —Judgment, Supreme Court, New York County (Richard Lee Price, J.), rendered September 5, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing her, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously modified, on the law, the facts, and as a matter of discretion in the interest of justice, to the extent of reversing the conviction for criminal possession of a controlled substance in the third degree and dismissing that count of the indictment, and otherwise affirmed.

Viewed in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the evidence that the defendant exchanged drugs for money and was in possession of $10 of the prerecorded buy money when arrested was sufficient as a matter of law to support the verdict *(see, People v Hawkins,* 188 AD2d 489, *lv denied* 81 NY2d 840). Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning the credibility of the undercover officer's identification, including those that arose by any omissions and inaccuracies in his description of defendant to the backup officer, the attempted flight of a second woman at the scene of the arrest, the absence of drugs on defendant's person and her possession of only a portion of the buy money, were properly placed before the jury *(see, People v Perez,* 189 AD2d 562, *lv denied* 81 NY2d 975; *People v Bobbitt,* 180 AD2d 489, 490, *lv denied* 79 NY2d 1046), and, after considering the competing inferences that may be drawn therefrom, we find no reason on

the record before us to disturb its determination. Nor do we perceive any abuse of sentencing discretion.

We modify to dismiss the possession count in the interest of justice, arising as it did out of defendant's possession of the same drugs as were involved in the sale count *(People v Gaul,* 63 AD2d 563, *lv denied* 45 NY2d 780). Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Tom, JJ.