■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MADELINE SEPULVEDA, Appellant. [612 NYS2d 27] —Judgment, Supreme Court, New York County (Renee White, J.), rendered January 10, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

After a full hearing *(People v Martinez,* 82 NY2d 436), the court properly excluded all spectators, including defendant's husband, during the undercover officer's testimony, upon its finding, based on the evidence, that the husband posed no less of a risk than anyone else *(compare, People v Santos,* 154 AD2d 284, 285-286, *lv denied* 75 NY2d 817, *with People v Kin Kan,* 78 NY2d 54, 58-59).

Defendant has not demonstrated that this is a "rare case" in which the mandatory sentencing statute is unconstitutional as applied *(People v Broadie,* 37 NY2d 100, 119, *cert denied* 423 US 950; *People v Thompson,* 83 NY2d 477). Concur— Carro, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.