■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAHIM M. ABDUL-AZIZ, Appellant. [628 NYS2d 272] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered April 13, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 8 to 16 years, unanimously modified, on the law, to vacate the convictions for criminal possession and dismiss those counts, and otherwise affirmed.

Defendant acted as a steerer by leading the undercover officer to the principals of a cocaine selling operation located in an apartment that appeared to be under the control of one of the principals. All aspects of the actual transaction were conducted by the principals. Defendant never negotiated with the officer, or handled the cash, the contraband or any of the drug selling paraphernalia, and there was no evidence that he had any personal connection with the apartment. The seller told the officer to come back to him and his confederate for future business, pointedly ignoring defendant. Although defendant remained behind when the undercover officer left, presumably to get his tip, he did not linger long in the apartment as he was arrested shortly afterward a block away. When the backup team entered the apartment a half hour later with a battering ram, the window was open, and bystanders directed police in the direction of the principals' flight. Drug paraphernalia and two bags containing in excess of one-half ounce of cocaine were recovered from beneath a table.

We dismiss the counts charging defendant with possession, which were based on an acting-in-concert theory, not the "room presumption", since the evidence of defendant's transitory and

fleeting contemporaneous presence in the apartment, while legally sufficient to prove his participation in the sale, was not legally sufficient to prove his exercise of dominion and control over the cache of cocaine that was left behind in the apartment.

No reasonable view of the evidence supported submission of the agency defense to the jury (*People v Herring*, 83 NY2d 780), although the court erred to the extent that it relied on defendant's denial of participation in the crime as an alternative basis not to submit the defense (*cf., People v Butts*, 72 NY2d 746, 748-750). To the extent that the Second Department's ruling in *People v Cierzniewski* (141 AD2d 828, *lv denied* 72 NY2d 1044) reaches a different result on analogous facts, we decline to follow it.

The court's temporary closure of the courtroom during the testimony of the undercover officer did not deprive defendant of his constitutional right to a public trial. The officer's testimony at the *Hinton* hearing concerning his pending cases and ongoing operations in the general vicinity of the crime, which also was the vicinity of defendant's residence, as well as the ease of transportation between the neighborhood and the courthouse, provided the spatial and temporal factual support for the officer's concerns that an open courtroom would compromise his safety and the integrity of his undercover operations (*see, People v Martinez*, 82 NY2d 436, 443; *accord, People v Tineo*, 212 AD2d 407; *People v Brown*, 178 AD2d 280, *lv denied* 79 NY2d 918; *People v Santos*, 154 AD2d 284, *lv denied* 75 NY2d 817), and no further showing was required simply because the exclusion affected a family member (*People v Sepulveda*, 204 AD2d 187, *lv denied* 84 NY2d 1015; *People v Santos, supra*).

Finally, with respect to defendant's post-argument submission, his remedy lies in a motion pursuant to CPL article 440. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Williams, JJ.