■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL HENDRICKS, Appellant. [636 NYS2d 774] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered April 23, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal sale of marijuana in the fourth degree and criminal possession of marijuana in the fifth degree, and sentencing him, as a second felony offender, to concurrent prison terms of 5 to 10 years, 5 to 10 years, 1 year, and 6 months, respectively, unanimously modified, as a matter of discretion in the interest of justice, to vacate the two possession convictions and dismiss those counts of the indictment, and otherwise affirmed.

In this buy and bust case, defendant's claim that the arresting officer's testimony, to the effect that the undercover officer confirmed defendant as the seller in a post-buy drive-by, constituted improper bolstering, was not preserved for review by objection, and in any event is without merit. This Court has repeatedly held that such testimony is not bolstering, but rather provides an explanation of the events that precipitated defendant's arrest (*e.g.*, *People v Vidal*, 214 AD2d 347, *lv denied* 86 NY2d 785; *People v Chapman*, 202 AD2d 297, *lv denied* 83 NY2d 965; *People v Rosado*, 191 AD2d 262, *lv denied* 81 NY2d 1019; *People v Velez*, 189 AD2d 572, *lv denied* 81 NY2d 894). The arresting officer's testimony that he was looking for a person with a particular description was likewise not objected to, and in any event did not constitute bolstering but rather background information to explain why he arrived at the scene and to avoid speculation (*People v Bolling*, 166 AD2d 203, *mod on other grounds* 79 NY2d 317; *People v Love*, 92 AD2d 551, 553).

Defendant's claim that the trial court erred in not charging the jury that police testimony should be evaluated in the same manner as any other witness's testimony was not preserved by objection or a request to charge, and in any event is without merit since only police officers testified (*People v Miller*, 159 AD2d 224, *lv denied* 76 NY2d 739).

We modify to vacate the convictions for possession of the crack and marijuana in the interest of justice since those drugs were the same as those sold to the undercover officer (*People v Marrero*, 219 AD2d 518; *People v Morales*, 202 AD2d 359, *lv denied* 83 NY2d 913; *People v Mesa*, 195 AD2d 422, *lv denied* 82 NY2d 899).

We have considered defendant's remaining argument and find it to be without merit. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.