■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CUEVAS, Appellant. [648 NYS2d 436] —Judgment, Supreme Court, New York County (Renee White, J.), rendered September 19, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. The issues raised by defendant concerning the credibility of the undercover officer, including those that arose from testimony that neither drugs nor the prerecorded buy money were recovered from defendant's person upon his arrest, and that the undercover officer did not look defendant in the face during much of the transaction, were properly placed before the jury, particularly given other testimony that defendant was not working alone (*cf., People v Santiago*, 206 AD2d 251, *lv denied* 84 NY2d 832), and that the undercover officer, experienced in narcotics work, had ample opportunity to view defendant immediately before and after the actual hand-to-hand exchange, and we see no reason to disturb the jury's verdict (*cf., People v Aguayo*, 200 AD2d 541, *lv denied* 83 NY2d 963). Defendant's challenges to the prosecutor's summation were not preserved by his denied general objections or his sustained general objections that sought no curative relief (*People v Balls*, 69 NY2d 641; *People v Medina*, 53 NY2d 951, 953), and we decline to review them in the interest of justice. Were we to review them, we would find that the prosecutor's remarks were for the most part fair response to defense counsel's attacks on the integrity of the police witnesses. Where the prosecutor did arguably overstep the bounds of fair comment, the court

provided immediate curative instructions that ameliorated any prejudice. The prosecutor's one-time comment to the jury to "do justice in this case", while better left unsaid, was not unduly prejudicial (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). In any event, we would find overwhelming evidence of guilt renders any error harmless (*supra*, at 120). Defendant's remaining contention is without merit. Concur—Sullivan, J. P., Ellerin, Ross, Williams and Andrias, JJ.