■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL ATKINS, Appellant. [649 NYS2d 449] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered October 18, 1994, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the jury verdict was against the weight of the evidence. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). The evidence adduced at trial establishes that the defendant sold narcotics to an undercover officer on two occasions.

The defendant also contends that he is entitled to reversal of his conviction because the trial court failed to give an adverse inference charge regarding two envelopes which had been discarded by the police. Although these envelopes constituted Rosario material (see, People v Rosario, 9 NY2d 286), the defendant never requested a sanction, but simply sought a hearing to determine the circumstances under which the envelopes had been discarded. Therefore, the defendant's contention that the trial court should have given an adverse inference charge is unpreserved for appellate review (see, People v Cruz, 172 AD2d 365). In any event, an adverse inference charge was not required because the defendant failed to demonstrate any prejudice resulting from the court's failure to give the charge (compare, People v Joseph, 86 NY2d 565).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.