■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CABRERA, Appellant. [654 NYS2d 5] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered March 25, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, assault in the second degree, coercion in the first degree, and menacing in the second degree, and sentencing him, as a second felony offender, to concurrent prison terms of 8 years to life, 6 to 12 years, 3 to 6 years, 3 to 6 years and 1 year, respectively, unanimously affirmed.

Summary denial of defendant's motion to suppress identification testimony was proper. Defendant made no showing that the undercover officer's routine, confirmatory drive-by and stationhouse identifications contained any element of suggestive

police conduct. Therefore, a *Wade* hearing was unnecessary (*see, People v Wharton*, 74 NY2d 921, 922).

The evidence was legally sufficient to establish defendant's constructive possession of all the drugs in the apartment, and the verdict on the possession count was not against the weight of the evidence (*see, People v Manini*, 79 NY2d 561, 573). Defendant was clearly one of the persons in control of the premises and the drug selling operation conducted therein (*compare, People v Diaz*, 220 AD2d 260, *with People v Abdul-Aziz*, 216 AD2d 77, *lv denied* 86 NY2d 788).

The court properly exercised its discretion when it ruled that there would be no sidebars during jury selection unless defendant waived his right to be present (*see, People v Vargas*, 88 NY2d 363, 377). We have considered defendant's other contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.