**Nathaniel ATKINS, Petitioner,**

v.

**David L. MILLER, Superintendent Eastern Correctional Facility, Respondent.**

**No. 98 Civ. 0539 (BDP).**

United States District Court, S.D. New York.

Aug. 26, 1998.

Nathaniel Atkins, Napanoch, NY, petitioner pro se.

Francis D. Phillips, II, District Attorney for the County of Orange, Goshen, NY, for respondent.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Petitioner Nathaniel Atkins was convicted in September 1994 on two counts each of Criminal Sale and Criminal Possession of a Controlled Substance in the Third Degree in violation of New York Penal Law §§ 220.39[1] and 220.16[1]. On October 18, 1994, Atkins was sentenced to concurrent indeterminate prison terms of eleven to twenty-two years for the convictions for the sales of controlled substance and lesser concurrent terms for the remaining convictions. Atkins is currently serving his sentence. The Second Department of the Appellate Division affirmed the conviction on appeal, *People v. Atkins*, 232 A.D.2d 648, 649 N.Y.S.2d 449 (2d Dept.1996), and the New York Court of Appeals denied leave to appeal. *People v. Atkins*, 89 N.Y.2d 939, 655 N.Y.S.2d 890, 678 N.E.2d 503 (1997).

Proceeding *pro se*, Atkins now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that the jury verdict was against the weight of the evidence, that the trial court erred in failing to sanction the government for its destruction of material in violation of *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961), and that his trial and appellate counsel were ineffective. For the reasons set forth below, petitioner's petition for writ of habeas corpus is denied.

## BACKGROUND

On July 1, 1993 around 7:30 p.m., an undercover narcotics officer investigating drug sales in the Washington Heights section of Newburgh, New York, Christopher Sager, was sitting in his vehicle, when he was approached by petitioner Nathaniel Atkins, who showed Sager a substance that he represented to be crack cocaine. After Sager determined that the substance was not crack cocaine and refused to accept it, Atkins left Sager and returned a short time later with a small piece of an off-white, chunky substance. Sager believed the substance to be crack cocaine and purchased it for twenty dollars. Sager had a clear view of the Atkins' face and particularly remembered his eyebrows because they had vertical lines shaved into them. After the sale, Sager provided a description of Atkins to his back-up unit, but the unit was unable to locate him.

On July 22, 1993 at about 7:30 p.m., Sager was in his vehicle in the same area of Newburgh when Atkins again approached him. Sager recognized him and asked where he had been. Atkins replied that he had been "around" and asked Sager if he was "looking for a rock." Atkins entered Sager's vehicle, sat in the front passenger's seat, and directed Sager to drive to a nearby location. At the new location, Atkins exited the vehicle and returned a few minutes later, reentered the car, and instructed Sager to drive back to the area where he had picked up Atkins. Upon their return, Atkins handed Sager a white chunky substance, for which Sager again paid twenty dollars.

After the sale, Sager gave his back-up unit a description of the Atkins' physical appearance and clothing. On the basis of Sager's description, Officer Lawrence Perlitz, who was assigned to Sager's back-up unit, approached Atkins. Perlitz identified himself as a police officer and asked Atkins for iden-

tification, stating that Atkins was a suspect in a robbery. At trial, Perlitz testified that he did not notice whether Atkins' eyebrows were shaved. As Perlitz spoke to Atkins, Sager watched from a nearby car and confirmed that Atkins was the person from whom Sager had just purchased crack cocaine. Because Atkins did not have any identification on his person, Perlitz accompanied Atkins to his apartment to obtain identification.

The police waited for laboratory reports to confirm that the substances sold to Sager were crack cocaine. Once the laboratory report was complete, the Newburgh police department issued a warrant for Atkins' arrest. Atkins voluntarily surrendered to police.

At trial, after the jury was selected and before the first witness was called, the prosecutor disclosed that two envelopes used to temporarily hold the narcotics had been destroyed. The prosecutor further represented that detective Jason Clickner, a member of Sager's back-up unit, had written on the envelopes some "scratch marks," the "sum and substance" of which were transferred onto the plastic bag containing the cocaine at the time of trial. Although the original envelopes were destroyed, Clickner would be available at trial to testify as to what he had written on the envelope. After a hearing to determine if the destruction of this evidence prejudiced Atkins' defense, the trial court concluded that the defendant had not shown that he was prejudiced by the destruction of the envelopes. The court did, however, agree to allow the defendant an opportunity during trial for cross-examination about the destroyed envelopes, and agreed to make an appropriate instruction to the jury if necessary. Atkins did not object to this ruling.

At trial, Clickner testified as to what he had written on the envelopes. The defense attorney cross-examined him with respect to the writings on the envelopes and the envelopes' destruction. Clickner stated that, to the best of his recollection, there was nothing on the envelopes other than what he had previously testified to at trial. The defense attorney did not request an adverse inference charge regarding the destruction of the envelopes, and one was not given. Defense counsel made no exceptions to the jury charge.

On September 6, 1994, the jury convicted Atkins on all counts, and Atkins was sentenced to concurrent indeterminate prison terms of eleven to twenty-two years for the convictions for sale of controlled substance and lesser concurrent terms for the remaining convictions.

Atkins filed a direct appeal to the Appellate Division, Second Department from the judgment of conviction, arguing that the jury verdict was against the weight of the evidence, that the trial court erred in failing to sanction the prosecution for the loss of the envelopes, that both counts of third-degree criminal drug possession should have been dismissed as inclusory concurrent offenses to the third-degree criminal drug sale counts, and that Atkins' sentence was unduly harsh and excessive. In addition to the brief filed by his counsel, Atkins filed a supplemental brief *pro se* in further support of his claim that he was prejudiced by the destruction of the envelopes.

The Second Department affirmed Atkins' conviction and sentence on both counts, *People v. Atkins*, 232 A.D.2d 648, 649 N.Y.S.2d 449 (2d Dept.1996), and the New York Court of Appeals denied Atkins' leave to appeal. *People v. Atkins*, 89 N.Y.2d 939, 655 N.Y.S.2d 890, 678 N.E.2d 503 (1997). On October 14, 1997, the Second Department denied Atkins' application for writ of error coram nobis to grant him a *de novo* appeal on the basis of ineffective assistance of appellate counsel. *People v. Atkins*, 243 A.D.2d 574, 665 N.Y.S.2d 300 (2d Dept.1997).

## DISCUSSION

*Weight of the Evidence*

Atkins first argues that the jury's verdict was against the weight of the evidence, contending that the fact that Officer Sager noticed the suspect's shaved eyebrows but Officer Perlitz did not calls into question the officers' identification of Atkins.

A federal court may not grant a writ of habeas corpus to a state prisoner unless

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.'" *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) (quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990)). However, if a petitioner no longer has remedies available in state court, the petitioner's claims will be deemed exhausted. *Id.*

In this case, while Atkins raised his claim of insufficiency of the evidence on his direct appeal, he failed to raise it in his application for leave to appeal to the Court of Appeals. This failure renders Atkins' claim unexhausted. Because Atkins is entitled to only one application for leave to appeal to the Court of Appeals, however, and a post-judgment motion in state court is unavailable where an issue has been previously raised on appeal, it would be fruitless to require Atkins to pursue his claim in state court, and his claim must be deemed exhausted, although procedurally defaulted.

In order to obtain federal habeas review of a procedurally defaulted claim, Atkins must show either "cause" and "actual prejudice," or that he is "actually innocent." *Bousley v. United States*, —— U.S. ——, ——, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). A petitioner may show cause by "showing that a factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (internal citations omitted). Ineffective assistance of counsel can also constitute cause for a procedural default. *Id.* A showing of actual innocence requires

petitioner to demonstrate that in light of all the evidence, more likely than not, no reasonable juror would have convicted him. *Bousley v. United States*, at ——, 118 S.Ct. at 1611 (citing *Schlup v. Delo*, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). With respect to this claim, Atkins does not attempt to show cause and prejudice. As a result, Atkins must make a showing of actual innocence; that is, that in light of all the evidence, more likely than not, no reasonable juror would have convicted him.

Atkins challenges the sufficiency of the identification evidence against him, contending that the discrepancy in the testimony about the suspect's shaved eyebrows renders the verdict against the weight of the evidence. Assuming *arguendo* that his issue is of constitutional dimensions, Atkins' challenge nevertheless fails. Sager was a trained undercover investigator whose purpose was to try to purchase cocaine on the street and identify the seller afterwards, and Sager knew that accurate identification was crucial. Moreover, after purchasing the cocaine, Sager gave a description of both the seller's physical appearance and clothing to his unit and to Perlitz. Immediately after receiving Sager's description after the July 22 sale, Perlitz was able to pick out Atkins, and, in fact, testified that Atkins' clothing was identical to what Sager had described. Moreover, as Perlitz was talking to Atkins, Sager confirmed that Atkins was indeed the person who had sold Sager the cocaine. Considered in its totality, the identification evidence was more than sufficient for a rational juror to conclude that Atkins was the seller of the cocaine.

*Destruction of the Envelopes*

Atkins contends that the trial court's failure to sanction the Government for destruction of the envelopes that had temporarily held the cocaine violated due process. Under *People v. Rosario*, 9 N.Y.2d 286, 289, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961), a defendant is entitled to examine any prior statement of a witness, as long as the statement relates to the subject matter of the witness' testimony and contains nothing confidential. It is undisputed that the envel-

opes, with the writings, constituted *Rosario* material, which Atkins was entitled to examine.

In order to obtain federal habeas corpus review, a petitioner must have employed proper state procedures in presenting his federal claim to the state courts. *Rosenfeld v. Dunham*, 820 F.2d 52, 54 (2d Cir. 1987); *Dean v. Smith*, 753 F.2d 239 (2d Cir.1985). Under New York law, in order to preserve an issue for state appellate court review, a party must make an issue-specific, timely objection at trial. *See* N.Y.Crim. Proc.L. § 470.05(2). If a party does not request an adverse inference instruction, and does not object to the court's failure to so charge, this claim will be waived for state appellate review. *People v. Cruz*, 172 A.D.2d 365, 568 N.Y.S.2d 750, 751 (1st Dept.1991).

In this case, Atkins made no objection to the trial court's failure to give an adverse inference charge, and, in fact, Atkins made no request for any other sanction at trial. Moreover, in affirming his conviction, the Second Department specifically found that "defendant's contention that the trial court should have given an adverse inference charge is unpreserved for appellate review." *People v. Atkins*, 649 N.Y.S.2d at 450. Atkins has thus procedurally defaulted his *Rosario* claim.

As discussed above, in order to obtain federal habeas review of a procedurally defaulted claim, Atkins must show either "cause" and "actual prejudice," or that he is "actually innocent." *Bousley v. United States*, at ——, 118 S.Ct. at 1611. While Atkins is not specific as to the cause for his trial counsel's failure to seek a sanction for the prosecution's destruction of the *Rosario* material, he implies that the reason was the ineffective assistance of his trial counsel, and, similarly, that it was appellate counsel's ineffective assistance that prevented the issue of his trial counsel's ineffectiveness from being raised on direct appeal.

In order to establish ineffective assistance of counsel, petitioner must show both that his counsel's efforts fell below an objective standard of reasonableness, and that, but for counsel's errors, there is a reasonable probability that the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With respect to a challenge to appellate counsel, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994). Rather, a petitioner must show that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Id.*

In this case, appellate counsel raised the issue of the destroyed *Rosario* material and the resulting lack of a sanction in his main brief, his reply brief, and his letter application for leave to appeal to the New York Court of Appeals. Counsel also permitted Atkins to file a *pro se* supplemental brief addressing the *Rosario* issue. Moreover, as the government points out, had appellate counsel chosen to attack trial counsel for failing to preserve the *Rosario* issue for appeal, his argument would in all likelihood have weakened Atkins' overall presentation on appeal. Where the lost *Rosario* material and possibility of a sanction were initially raised on the record, it was reasonable for appellate counsel not to emphasize that the issue had not been preserved for review at trial. *See Cruz v. Artuz*, No. CV 96–5209 (RED), 1997 WL 269591, *5 (E.D.N.Y.1997), *aff'd*, 133 F.3d 906 (2d Cir.1997). Atkins cannot show ineffective assistance of appellate counsel, and accordingly cannot show cause for failing to preserve the issue of his trial counsel's ineffectiveness for appellate review.

Even if Atkins could show cause for his appellate counsel's failure to preserve the issue, he cannot show that his trial counsel was ineffective. Here, assuming that petitioner could show that his trial counsel's errors fell below a standard of reasonable professional competence, he could not show that, but for counsel's error, there is a reasonable probability that the outcome of the trial would have been different. Under New York state law, lost *Rosario* material re-

quires a court to impose an appropriate sanction—including a sanction short of dismissal—to eliminate any prejudice to the defendant. *See People v. Carracedo,* 89 N.Y.2d 1059, 1062, 659 N.Y.S.2d 830, 681 N.E.2d 1276 (1997), *People v. Martinez,* 71 N.Y.2d 937, 940, 528 N.Y.S.2d 813, 524 N.E.2d 134 (1988). Here, however, both the trial and appellate courts determined, and this Court agrees, that the defendant has not shown that he was prejudiced by the destruction of the *Rosario* material. The trial testimony established that the writings on the envelopes were transferred onto the plastic bag containing the cocaine at the time of trial and Officer Clickner testified and was cross-examined with respect to what he had originally written on the envelopes. Atkins' claims at this point about the envelopes' importance are pure speculation. As Atkins has not shown that he was prejudiced by the envelopes' destruction, the trial court was not required to sanction the prosecution, and Atkins cannot show that trial counsel was ineffective for failing to request such a sanction.

■ Nor can Atkins make a showing of actual innocence as a result of the lost *Rosario* material. In his habeas petition, Atkins contends that the lack of a sanction for the destroyed *Rosario* material prejudiced his misidentification defense, because the envelopes contained notations describing the seller. As discussed above, however, the evidence identifying Atkins as the seller was considerably more extensive than the lost envelopes and was more than adequate to enable a rational jury to conclude that Atkins had, in fact, sold the crack cocaine to Sager.

*Ineffective Assistance of Counsel*

Atkins argues that he received ineffective assistance of appellate counsel because his appellate counsel 1) failed to argue that trial counsel was ineffective for not requesting the People be sanctioned for destroying the *Rosario* material; 2) failed to argue that the People did not prove beyond a reasonable doubt that the drugs presented at trial were the same drugs as those purchased from petitioner; and 3) failed to include all issues presented to the Appellate Division in his brief for leave to appeal to the Court of Appeals.

■ As discussed above, appellate counsel was not ineffective for failing to arguing the ineffectiveness of trial counsel with respect to the *Rosario* issue. Likewise, Atkins' claim that appellate counsel failed to argue that the People did not prove that the drugs presented at trial were the same drugs as those purchased from petitioner fails as well. Because Atkins failed to raise this claim on appeal, he must show cause and prejudice for this default. While Atkins apparently contends that ineffective assistance of appellate counsel led to this default, he cannot show that counsel's failure to raise this issue in the appellate brief fell below an objective standard of reasonableness. At trial, the prosecution presented a full chain of custody—from Sager to the back-up team officers, to an evidence locker, to the State Police Lab, and back to police custody—providing sufficient proof of authenticity to make the cocaine admissible. Accordingly, Atkins cannot show cause and prejudice for his counsel's failure to raise this issue on appeal.

■ Finally, Atkins' counsel was not ineffective for failing to present all issues presented to the Appellate Division to the Court of Appeals. Initially, this Court notes that because Atkins had no right to counsel for his appeal to the Court of Appeals, he had no due process right to the effective assistance of counsel for his appeal to the Court of Appeals. *See, e.g., Evitts v. Lucey,* 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (right to counsel is limited to the first appeal as of right); *Wainwright v. Torna,* 455 U.S. 586, 587–88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance). Even assuming, *arguendo,* that Atkins did have the right to effective assistance of counsel for his leave application to the Court of Appeals, the Court of Appeals has limited jurisdiction, and grants leave only on a discretionary basis. It was not ineffective for Atkins' counsel to focus his leave application on the one issue he deemed most likely to obtain a grant of leave.

## CONCLUSION

For the foregoing reasons, Atkins petition for writ of habeas corpus is dismissed. Because Atkins has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253, this Court declines to issue a certificate of appealability. *See Nelson v. Walker*, 121 F.3d 828, 832 n. 3 (2d Cir.1997).

**SO ORDERED.**