■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLER, Appellant.—Judgment of the Supreme Court, New York County (Donald Mark, J.), rendered November 28, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and sentencing him as a predicate felon to an indeterminate term of imprisonment of from 5 to 10 years, unanimously affirmed.

Defendant contends that he was deprived of due process by the court's charge on reasonable doubt and by its omission of a "police witness" charge. These contentions are not preserved as a matter of law and we decline to reach them (CPL 470.05 [2]). Were we to consider them in the interest of justice, we would nevertheless affirm, finding them to be without merit. The court correctly charged the jury that reasonable doubt is one "for which some reason can be given" *(see, People v Malloy,* 55 NY2d 296, 300, *cert denied* 459 US 847 [1982]), and "one that a reasonable person * * * would be likely to entertain because of the evidence or because of the lack of evidence in the case" *(see, People v Quinones,* 123 AD2d 793). Further, while a "police witness" charge to the effect that police testimony should be treated in the same manner as any other witness's testimony should usually be given, because the only witnesses herein were police witnesses and because defendant did not testify and, thus, his testimony was not singled out for special scrutiny, the omission was not prejudicial to defendant *(People v Brown,* 109 AD2d 746). Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.