■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE CARTER, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered May 16, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of 3⅓ to 10 years' imprisonment and imposing a mandatory surcharge of $100, unanimously affirmed.

Defendant, acting in concert with two other men, sold two vials of crack to an undercover police officer. Although defendant was not immediately apprehended by the backup team, a few hours later the undercover officer saw defendant at the buy location. Defendant, who matched the description given by the undercover officer, was then arrested.

The People requested that the courtroom be closed to the public while the undercover police officer testified. A hearing was held in which the undercover police officer testified that he was, at that time, engaged in undercover police work throughout Bronx County. Although the court precluded defense counsel from inquiring whether the witness had received any threats, the witness testified that he did not perceive any danger to himself from merely having his name revealed in open court. The court granted the People's application to have the courtroom sealed without specifying reasons on the record.

Defendant now contends that the court denied him his right to a public trial on less than compelling reasons since the undercover officer did not testify to any specific fear for his safety from testifying in open court and because the court failed to state its reasons for closing the courtroom on the

record *(People v Jones,* 47 NY2d 409). This latter argument is unpreserved for appellate review since defendant did not object at the close of the hearing (CPL 470.05). In any event, defendant's arguments are meritless. Recently, in *People v Santos* (154 AD2d 284, 285), we rejected the defendant's argument that a courtroom should not be closed where there was no other reason advanced than that the witness was still working undercover and that the witness's " 'unparticularized impressions' " of danger did not meet the stringent " 'compelling reasons' " standard enunciated in *People v Jones (supra).* We held that "[a]ctive engagement in the community as an undercover narcotics agent is itself a compelling reason for excluding the public from the courtroom, at least when the fact of such engagement is elicited from the witness himself". *(People v Santos, supra,* at 285.) Thus, in the case at bar, the witness's testimony that he currently worked as an undercover narcotics agent in the area provided a sufficient factual basis to seal the courtroom. Furthermore, an inquiry made on the record constitutes a sufficient basis for the closure and there was no need for the court to specify its reasons for closing the courtroom *(People v Grubbs,* 112 AD2d 104; *People v Stanton,* 108 AD2d 688).

We also reject defendant's contentions that he was deprived of a fair trial by the prosecutor's comments on summation and the court's failure to give a "police witness" charge. Although defendant was involved in other uncharged drug transactions, the comments at issue directly addressed evidence brought out by the defense and constituted fair response to defendant's own summation arguments *(People v Wood,* 66 NY2d 374, 380; *People v Ashwal,* 39 NY2d 105). Finally, we reiterate our recent holding that a defendant is not prejudiced by the omission of a "police witness" charge where defendant does not testify and the only witnesses testifying are police officers *(People v Miller,* 159 AD2d 224). Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.