■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP MADDOX, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered March 15, 1988, convicting defendant, after jury trial, of robbery in the second degree and sentencing him, as persistent violent felony offender, to an indeterminate term of 15 years' to life imprisonment, unanimously affirmed.

On May 26, 1987, as the complainant entered the apartment building where she resided at 228 West 25th Street, the defendant grabbed her from behind around her neck and stole four single dollar bills from her wallet. The police were called and given an accurate description of defendant as a tall black man, approximately 6 feet, 7 inches tall, wearing a red sweater. Within minutes, defendant was apprehended near the scene of the crime, in possession of four single dollar bills, and held until the complainant arrived and positively identified defendant as the perpetrator.

At trial, the complainant added to the description set forth above that defendant wore, at the time of the robbery, a distinctive gold chain and medallion. Defendant took the position that no such medallion or chain was recovered, introducing a "mug" shot of defendant which did not depict these items. The prosecution introduced an inmate waiver

form which indicated that defendant sought to retain possession of one chain and medallion.

When the court itself discovered yet a second Department of Correction photograph, annexed to the court file, during the People's case, showing defendant wearing the chain and medallion, the People successfully introduced this second photograph into evidence.

Defendant now argues that admission of this second photograph was error, as its existence had not been disclosed during discovery, and that the evidence unfairly surprised defendant and deprived him of a fair trial. Defendant, however, never made these arguments below, and they are consequently unpreserved as a matter of law for appellate review. We decline to review defendant's present claims, in the interest of justice, since it is clear that the prosecutor was not aware of the second photograph. Even if the introduction of the photograph was error, it would be deemed harmless in view of the overwhelming evidence of guilt. Concur—Murphy, P. J., Carro, Kassal and Wallach, JJ.