■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

PETER VIDAL, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered February 10, 1989, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him as a second felony offender to concurrent terms of 5 to 15 years, to run concurrently with a one year term for a violation of probation, unanimously affirmed.

The charges against defendant arise from a "buy and bust" operation, in which defendant sold a vial of crack to an undercover police officer.

The primary issue raised on appeal concerns the court's closure of the courtroom during the trial testimony of the undercover officer following a hearing. In moving for closure, the prosecutor represented that the officer continued to work in an undercover capacity on a regular basis in the neighborhood of the bodega where defendant was arrested, and that the life of the undercover officer's wife would be in danger if his identity became known. The officer testified that his undercover unit worked county wide, that he still conducted operations in the vicinity of defendant's arrest, and that, in fact, three or four weeks prior to trial, he had gone to that very location several times in an undercover capacity. The officer testified that concealment of his identity was essential not only to the continued performance of his job, but also to his physical safety. Defense counsel conceded, "We are not asking for a general opening", and limited his objections to the exclusion of defendant's parents. The officer testified, in this regard, that while he did not know defendant's parents, nor had he been threatened by them, their neighborhood would be a target location for his unit's undercover operations.

The issue on appeal is properly confined to the exclusion of defendant's parents from the courtroom. Initially, we note that while the trial court complied with *People v Jones* (47 NY2d 409, *cert denied* 444 US 946), insofar as a hearing was conducted during which it was determined that the undercover officer feared for his life, the court did not specifically address the criteria set forth in *Waller v Georgia* (467 US 39), which was decided subsequent to *Jones,* and which clarifies and lends structure to a criminal defendant's otherwise amorphous right to an open trial, mandating steps that a Trial Judge must first take before granting the government's request for exclusion and therefore providing greater protection for the individual defendant *(Jones v Henderson,* 683 F Supp 917, 920).

We conclude that the trial court complied substantively with the requirements of *Waller (supra)*. The People established a compelling interest to protect the witness as an active undercover agent in the community, and the limited closure which was the outcome of the hearing was no broader than was necessary to protect that interest. Our consideration on appeal is a narrow one. There is no issue that defendant's parents did not have access before and after the officer's testimony. With respect to the court's consideration of reasonable alternatives, defendant's only suggested option at trial was the closure not be extended to defendant's family. The mere fact that it was offered as an option, and rejected as such, however, does not lead ineluctably to the conclusion that the court failed to consider reasonable alternatives.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.