■ The People of the State of New York, Respondent, v

LOUIS BONET, Appellant.—Judgment, Supreme Court, Bronx County (Nicholas Figueroa, J.), rendered January 3, 1989, convicting defendant after bench trial of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, for which he was sentenced as a second felony offender to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant was arrested during a "buy and bust" operation. Defendant approached the undercover officer, and stated that he had "coke or dope" if she was interested. The officer indicated an interest and defendant summoned Laurence Ramirez. The undercover officer requested "two" and gave the buy money to defendant. Defendant then told co-defendant to "get two" glassines. Co-defendant walked about fifteen feet away, and extracted glassine envelopes from beneath the bumper of a car, and handed them to the undercover officer. Immediately thereafter, backup, having been alerted, defendant and Ramirez were arrested, and their identification confirmed moments later by the undercover officer.

During testimony by the undercover officer, the court ordered a limited closure of the court room, with respect to only one individual, a relative of the co-defendant. During an independent inquiry of the undercover officer, the court elicited testimony that she was still active, had conducted undercover buys recently, and would again be at the same location. The court made findings consistent with this testimony, and further found that the relative of co-defendant, who habituated that particular neighborhood would pose a great risk to the safety of the undercover officer. The trial court substantially complied with the considerations set forth in *Waller v Georgia* (467 US 39; *see, People v Vidal,* 172 AD2d 228, *lv denied* 78 NY2d 927). The safety of the active undercover officer presented an overriding interest *(People v Vidal, supra; People v Carter,* 162 AD2d 218, *lv denied* 76 NY2d 984); the closure was limited to a single person, a relative of the co-defendant *(People v Vidal, supra,* at 230); the court considered defendant's suggestion of an alternative *(People v Vidal, supra,* at 230), including the deactivation or relocation of the undercover officer, which in the circumstances were found not to be reasonable and the court's inquiry, and findings, provided a sufficient basis for the closure *(see, People v Carter, supra,* at 219).

Defendant's challenge to the cross-examination of his co-defendant, with whom he did not share a joint defense, was not preserved as a matter of law by defendant's failure to

object, or join in co-defendant's objection (CPL 470.05 [2]) and is, in any event, meritless. The cross-examination constituted proper impeachment of co-defendant, and was not inculpatory with respect to defendant.

Pursuant to defendant's discovery request, the prosecution subpoenaed from the New York Police Department a photograph which was believed to be defendant's arrest photo. Defendant attempted to construct a misidentification defense around this photograph. During cross-examination of the arresting officer, it became apparent that this photo was not the arrest photo which, it is determined after a continuance, had been in the court file, a public record, rather than in the possession of the Police Department or the prosecutor. As such, although the prosecutor inadvertently supplied the wrong photograph to defendant, there is no indication of lack of good faith, or lack of due diligence on her part. Defendant himself was in the best position to be aware of any discrepancies between the putative arrest photo, and his appearance on the day of his arrest. Further, the erroneous arrest photo bore a date three days after defendant's arrest, which should have put defense counsel on notice as to some inconsistency. Under these circumstances, we find no impropriety in the conduct of the prosecutor, and no surprise to defendant *(see, People v Tortorice,* 142 AD2d 916), and conclude that the prosecutor is not obliged to disclose that of which she was unaware *(see, Morgan v Salamack,* 735 F2d 354). Accordingly, it cannot be said that denial of the defendant's preclusion request, and the subsequent denial of his motion for a mistrial, constituted any abuse of discretion. Rather than failing to craft any remedy, the court granted a continuance to defendant in order to rectify his defense *(see, e.g., People v Emery,* 159 AD2d 992, *lv denied* 76 NY2d 787).

Finally, the verdict acquitting co-defendant of the felony counts of which defendant was convicted was not repugnant. None of the charges against him had as a necessary element that the defendant acted with another person actually present. *(People v Calabro,* 157 AD2d 736, *lv denied* 75 NY2d 964.) Concur—Rosenberger, J. P., Kupferman, Smith and Rubin, JJ.