■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

VERNON COVINGTON, Appellant. [595 NYS2d 32] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered January 3, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him as a second felony offender to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant was arrested in a buy-and-bust operation after having sold vials of crack to an undercover officer. Defendant challenges the People's failure to disclose an arrest photo which had actually not been in the People's possession, but was part of the court file. Defendant failed to preserve State or Federal constitutional claims (People v Iannelli, 69 NY2d 684, cert denied 482 US 914). Since the photo had not been in the People's possession, and the court file was a public record, we reject defendant's statutory claim (People v Bonet, 176 AD2d 641, 643, lv denied 79 NY2d 853; People v Maddox, 166 AD2d 375, lv denied 77 NY2d 841). The court's instruction that the buy money was not an element of the crime and that the fact it was not recovered in no way lessens the culpability of defendant for the sale of narcotics, was not error. The court previously had instructed the jury that in determining reasonable doubt they could consider the available evidence or lack of evidence. We do not find this instruction to be unbalanced (compare, People v Watkins, 157 AD2d 301). Most of defendant's remaining claims are unpreserved for review. All are meritless. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.