■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD REID, Appellant. [607 NYS2d 350] —Judgment, Supreme Court, New York County (Renee White, J.), rendered June 10, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

The undercover officer's hearing testimony that he was actively engaged in the community as an undercover narcotics agent at the time of trial provided ample grounds for the trial

court's determination that closure of the courtroom during the undercover officer's testimony constituted an appropriate safety measure *(People v Carter,* 162 AD2d 218, 219, *lv denied* 76 NY2d 984). As defendant's sole objection and argument at trial concentrated on the sufficiency of the People's showing in support of closure, and defendant suggested no reasonable alternative, the trial court did not err in failing to consider reasonable alternatives *(People v Martinez,* 82 NY2d 436, 443-444).

The trial court properly precluded defendant's attempt to impeach that portion of the arresting officer's trial testimony indicating that he observed defendant and the coindictee conversing minutes after the sale herein, by calling to the jury's attention the fact that the officer did not so testify before the Grand Jury. Absent a showing that the witness' attention was called to that circumstance by specific questioning before the Grand Jury, a claim that his trial testimony was inconsistent is insupportable *(People v Bornholdt,* 33 NY2d 75, 88, *cert denied sub nom. Victory v New York,* 416 US 905).

Contrary to defendant's argument, the trial court's jury charge on agency conveyed the appropriate legal principles *(see, People v Hurk,* 165 AD2d 687, 688, *lv denied* 76 NY2d 1021).

Defendant's claims of prosecutorial misconduct do not warrant reversal. Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.