■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BOUCHE, Also Known as NAPOLEON BOSHE, Appellant. [617 NYS2d 715] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered October 23, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and, upon a guilty plea, of criminal possession of a controlled substance in the fourth degree, and sentencing him to concurrent terms of 2 to 6 years, 2 to 6 years and 1½ to 4½ years, respectively, unanimously affirmed.

The undercover's *Hinton* hearing testimony that he had been working for over 2½ years as an undercover narcotics purchaser in the vicinity of the arrest, that he was still working there as an undercover in ongoing investigations and that the effectiveness of his work and his personal safety would be jeopardized should his identity be revealed to the public provided ample grounds for the court to determine that closure of the courtroom during his testimony was an appropriate safety measure *(People v Reid,* 201 AD2d 383, 383-384, *lv denied* 83 NY2d 875). Since defense counsel's objection was based only on the sufficiency of the People's showing in

support of closure, and counsel suggested no reasonable alternative, the court did not err in failing to consider alternatives *(supra,* at 384).

Defendant complains that even if some closure was needed in this case, his family should not have been subject to the closure order because there was no showing that the undercover's life or livelihood had been threatened by the family. Ordinarily, since there was no such showing, defendant would have been entitled to have family members present during the undercover's testimony *(see, People v Kin Kan,* 78 NY2d 54). However, the matter was never specifically raised; defense counsel merely suggested that a family member "may be" in court the following day. Apparently no relative ever came to the courtroom. Accordingly, the court did not abuse its discretion in closing the courtroom. Concur—Carro, J. P., Wallach, Kupferman, Ross and Williams, JJ.