■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE NELSON, Appellant. [625 NYS2d 176] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered June 24, 1992, convicting defendant, after jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 10½ to 21 years and 5 to 10 years, respectively, unanimously affirmed.

The police acted properly in briefly detaining defendant, who fit the radioed description of one of the perpetrators of a street robbery and was observed within minutes of the robbery running quickly along the street approximately three blocks from the scene of the crime, for prompt showup purposes *(People v Duuvon,* 77 NY2d 541). Police presence was to be expected, and as the complainant rejected other showup subjects similarly detained, but identified the unrestrained defendant immediately, the procedure cannot be viewed as unduly suggestive *(see, People v Maybell,* 198 AD2d 108, *lv denied* 82 NY2d 927).

The complainant's testimony that he observed defendant

during his nighttime approach under street lighting and at close range, as the complainant struggled with defendant over a knife and attempted to prevent removal of his jewelry, and the circumstances of the street showup identification within minutes of the robbery, were properly before the jurors for consideration. Their determination of the reliability of the complainant's showup and in-court identification is not unreasonable and will not be disturbed by this Court *(People v Siu Wah Tse,* 91 AD2d 350, *lv denied* 59 NY2d 679).

The record does not support defendant's claim that the trial court interfered excessively and improperly in the proceedings. The trial court properly noted, *sua sponte,* the prima facie existence of a *Batson* violation when the defense peremptorily challenged eight out of ten white venirepersons, and properly requested that defense counsel provide race-neutral reasons for the challenges *(see, People v Maisonet,* 209 AD2d 297). In this connection, we note that defense counsel's explanations were accepted by the court.

As defense counsel persisted in improper argument on rulings despite the court's explicit directions, out of the presence of the jury, to desist, defendant may not properly claim that he was deprived of a fair trial because of an isolated instance where the court admonished counsel in the presence of the jury *(see, People v Cummings,* 162 AD2d 142, 144, *lv denied* 76 NY2d 985).

The trial court also properly precluded defense counsel's attempt to impeach the complainant with his Grand Jury testimony that when a neighbor asked what had happened, the complainant said "Two guys just robbed me", apparently to show that the complainant did not also point out the robbers, as he stated at trial. As noted by the court, the complainant's trial testimony was not inconsistent with his Grand Jury testimony, nor was the complainant specifically asked before the Grand Jury whether he had in addition pointed out the two robbers *(see, People v Reid,* 201 AD2d 383, 384, *lv denied* 83 NY2d 875). The trial court's *sua sponte* ruling was an appropriate exercise of its discretion to preclude cross-examination posing a danger of misleading the jury *(see, People v McGriff,* 201 AD2d 672, 673, *lv denied* 83 NY2d 913). Concur—Murphy, P. J., Rubin, Asch, Williams and Mazzarelli, JJ.