■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SMALLS, Appellant. [654 NYS2d 362] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered December 2, 1987, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

The court's *Allen* charge was appropriate, since it reminded the jurors of their duty to deliberate and did nothing to urge any jurors to surrender their conscientiously held positions (*see, People v Ford*, 78 NY2d 878). Furthermore, the record belies any claim that the *Allen* charge was coercive, as the jury continued deliberating for another day after the charge, and it requested further readbacks of the testimony before rendering its verdict (*see, People v Bonilla*, 225 AD2d 330, *lv denied* 88 NY2d 933).

The court's charge concerning the effect of the nonrecovery of the proceeds of the crime upon the People's burden of proof does not require reversal (*see, People v Covington*, 191 AD2d 285, *lv denied* 81 NY2d 1071). The charge did not direct the jury to ignore a key element of the defense, and did not otherwise cause any prejudice to defendant, since the undisputed passage of nearly 3 months between the crime and the arrest rendered the nonrecovery of the proceeds "an unremarkable event, easily accounted for" (*People v Watkins*, 157 AD2d 301, 307, *lv denied* 81 NY2d 978).

Defendant's vague objection to marshalling of evidence, per se, failed to preserve his present claim that the court's marshalling was unbalanced. Were we to review this claim in the interest of justice, we would find that the court's marshalling did not deprive defendant of a fair trial (*see, People v Culhane*, 45 NY2d 757, 758, *cert denied* 439 US 1047).

Defendant's remaining contentions are both unpreserved for appellate review and without merit. Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.