Kevin SMALLS, Petitioner,

v.

Wilfredo BATISTA, Superintendent, Marcy Correctional Facility, Respondent.

No. 97 Civ. 6045(RWS).

United States District Court, S.D. New York.

Oct. 5, 1998.

The Legal Aid Society Criminal Appeals Bureau, New York City, for petitioner; Daniel L. Greenberg, of counsel.

Hon. Robert T. Johnson, Dist. Atty., Bronx County, Bronx, NY, for Respondent; Patrick Breen, Asst. Dist. Atty., of counsel.

### OPINION

SWEET, District Judge.

Respondent Wilfredo Batista, Superintendent of Marcy Correctional Facility ("Respondent"), has moved pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure for an order vacating the judgment granting the petition for a writ of habeas corpus to Petitioner Kevin Smalls ("Smalls") on the ground that this Court lacked jurisdiction to consider the petition. For the reasons set forth below, Respondent's motion is denied.

### Prior Proceedings and Facts

The prior proceedings and facts in this action have been set forth in a prior opinion of this Court, familiarity with which is assumed. *See Smalls v. Batista,* 6 F.Supp.2d 211 (1998). Those facts and prior proceedings relevant to the instant motion are set forth below.

On December 2, 1987, Smalls was convicted, after a jury trial conducted in the Supreme Court of the State of New York,

Bronx County, of Robbery in the Second Degree and was sentenced to an indeterminate term of imprisonment of two to six years (the "1987 conviction"). He filed a timely notice of appeal on December 29, 1987.

On September 5, 1989, Smalls was placed on parole, which was due to expire on March 24, 1993. On May 3, 1990, Smalls was arrested in Bronx County and declared delinquent by the New York State Division of Parole.

By a judgment rendered on January 3, 1991, in the Supreme Court, Bronx County, Smalls was convicted upon his plea of guilty of attempted criminal sale of a controlled substance and sentenced as a second-felony offender to an indeterminate term of imprisonment of three to six years (the "1991 conviction").

By operation of New York Penal Law § 70.25(2–a), Smalls' sentence under the 1991 conviction was to run consecutively to the unserved term of Smalls' sentence under the 1987 conviction.

On May 18, 1993, Smalls was again released under parole supervision, which was due to expire on March 19, 1999. On February 16, 1998, Smalls was arrested in New York County and declared delinquent by the Division of Parole.

By judgment rendered on May 10, 1994, in the Supreme Court, New York County, Smalls was convicted upon his plea of guilty of attempted criminal sale of a controlled substance and sentenced as a second-felony offender to an indeterminate term of imprisonment of four to eight years (the "1994 conviction"). This sentence was to run consecutively to the 1987 and 1991 convictions. Since Smalls' return to the Department of Correctional Services in 1994, he has been serving the aggregate of his 1987, 1991, and 1994 sentences.

In August 1996, Smalls perfected his direct appeal from his 1987 conviction, to the Appellate Division, First Department. Smalls claimed, *inter alia,* that the supplemental *Allen* charge given by the trial court improperly placed a burden on the dissenting juror to convince the other eleven jurors, and therefore deprived Smalls of his rights under the United States Constitution to a fair trial and due process. On March 4, 1997, the Appellate Division unanimously affirmed the conviction. *See People v. Smalls,* 237 A.D.2d 116, 654 N.Y.S.2d 362 (1st Dep't 1997). On May 19, 1997, the New York Court of Appeals denied Smalls' leave to appeal.

On August 14, 1997, Smalls filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an opinion dated May 19, 1998, this Court granted Smalls' petition because the *Allen* charge given by the trial court was coercive and deprived Smalls of his constitutional rights to due process and a fair trial. *See Smalls,* 6 F.Supp.2d at 218–23.

Smalls is presently incarcerated at Mohawk Correctional Facility in Rome, New York.

The instant motion was filed on June 4, 1998. Oral arguments were heard on June 24, 1998, at which time the motion was considered fully submitted.

### *Discussion*

### I. *Rule 60(b)(4)*

▮ Respondent's motion to vacate the judgment in *Smalls,* 6 F.Supp.2d 211, is made pursuant to Rule 60(b)(4), which provides: "On motion and upon such terms as are just, the court may relieve a party ... from final judgment, order, or proceeding [if] ... the judgment is void." A judgment is void and subject to vacatur if the court lacks subject matter jurisdiction. *See United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.,* 907 F.Supp. 663, 668 (S.D.N.Y.1995); *Kao Hwa Shipping Co. v. China Steel Corp.,* 816 F.Supp. 910, 913 (S.D.N.Y.1993). Furthermore, unlike motions made pursuant to the other subsections of Rule 60(b), the court lacks discretion with respect to a motion made under Rule 60(b)(4). If void, the court must vacate the judgment. *See United Nat'l Ins. Co.,* 907 F.Supp. at 668; *Triad Energy Corp. v. McNell,* 110 F.R.D. 382, 384 (S.D.N.Y.1986).

232

## II. *Respondent's Motion to Vacate for Lack of Subject Matter Jurisdiction Is Denied Because Smalls Was "In Custody" on the 1987 Conviction When He Filed His Petition for Habeas Relief*

■ Respondent seeks to vacate the judgment granting Smalls' petition for a writ of habeas corpus from his 1987 robbery conviction on the ground that this Court did not have jurisdiction to consider Smalls' petition since Smalls was not "in custody" under the challenged conviction at the time the petition was filed, as required by 28 U.S.C. §§ 2241(c)(3) and 2254(a). Respondent admits that in opposing Smalls' petition for habeas relief, he conceded Smalls' "custody" status in regards to the challenged conviction. According to Respondent, he erroneously stated that Smalls was on parole from his 1987 robbery conviction, and it was only after judgment was entered in favor of Smalls—nine months after Smalls filed his writ—that he determined that Smalls was not "in custody" for habeas corpus purposes when he filed his petition on August 14, 1997. By contrast, Smalls maintains that on that date he was incarcerated, serving his sentence on the relevant conviction.

A federal district court has jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a) (stating that a writ of habeas corpus is available to persons "in custody pursuant to the judgment of a State court"). The United States Supreme Court has interpreted this language to require "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (*per curiam*) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)).

It is uncontested that at the time Smalls filed his petition pursuant to § 2254 he was confined in a New York State Correctional Facility. However, Respondent asserts that Smalls was not "in custody" on the 1987 conviction—the conviction challenged by

Smalls—because the only restraint Smalls suffered stemmed from his own subsequent misdeeds. Respondent acknowledges that Smalls at present is serving two consecutive sentences in addition to the 1987 sentence, but urges that were it not for those subsequent sentences Smalls would have completed the 1987 sentence and therefore would not be "in custody"—for the instant purpose, incarcerated. Under Respondent's logic, Smalls would be receiving a procedural windfall if allowed the benefit of habeas corpus review since the reason for his custody status is solely a result of his recidivism.

In support of his theory, Respondent invokes the Supreme Court's analysis in *Maleng*, where the Court found that a habeas petitioner cannot be considered "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed. *Maleng*, 490 U.S. at 491, 109 S.Ct. 1923. As stated by the *Maleng* Court,

[t]he question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

*Id.* at 492, 109 S.Ct. 1923. In *Maleng*, the petitioner was sentenced to prison in 1978 for a crime he had committed while he was on parole from a 1958 conviction. The sentence for the 1958 conviction expired in 1978. Nonetheless, the petitioner sought to challenge his 1958 conviction by a petition filed in 1985, while serving the 1978 sentence. The Supreme Court held that the petitioner was not "in custody" on the 1958 conviction and thus habeas review was inappropriate. *Id.* at 489–92, 109 S.Ct. 1923.

Smalls, however, asserts that the situation at bar does not fall within the *Maleng* holding but more closely resembles *Peyton v.*

*Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), and *Garlotte v. Fordice*, 515 U.S. 39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995), which stand for the proposition that a prisoner who is serving an aggregate of several sentences is "in custody" on all of those sentences and may raise a habeas claim as to any of them.

The Supreme Court in *Peyton* permitted prisoners that were serving the first of two consecutive sentences imposed by a state court to challenge the second sentence. Acknowledging that the prisoners were not technically "in custody" under the sentence each was challenging and that a successful challenge to the second sentence would not result in their immediate release, the Court nonetheless adopted an interpretation of § 2241(c)(3) "which views [the prisoners] as being 'in custody' under the aggregate of the consecutive sentences imposed on them." *Peyton*, 391 U.S. at 64, 88 S.Ct. 1549. The Court explained that "[u]nder that interpretation, they are 'in custody in violation of the Constitution' if any consecutive sentence they are scheduled to serve was imposed as the result of a deprivation of constitutional rights." *Id.* at 64–65, 88 S.Ct. 1549. The *Peyton* Court concluded that holding that a prisoner serving consecutive sentences is "in custody" under any one of them under § 2241(c)(3) "is consistent with the statutory language and with the purpose of the writ of habeas corpus in federal courts." *Id.* at 67, 88 S.Ct. 1549.

*Garlotte* is "*Peyton's* complement, or *Peyton* in reverse." *Garlotte*, 515 U.S. at 41, 115 S.Ct. 1948. The Supreme Court in *Garlotte* explained:

> Like the habeas petitioner in *Peyton*, petitioner Harvey Garlotte is incarcerated under consecutive sentences. Unlike the *Peyton* petitioners, however, Garlotte does not challenge a conviction underlying a sentence yet to be served. Instead, Garlotte seeks to attack a conviction underlying the sentence that ran first in a consecutive series, a sentence already served, but one that nonetheless persists to postpone Garlotte's eligibility for parole. Following *Peyton*, we do not disaggregate Garlotte's

sentences, but comprehend them as composing a continuous stream.

*Id.* The Court thus allowed review on the first conviction even though the sentence imposed on that conviction had expired. The *Garlotte* Court reasoned that "[h]aving construed the statutory term 'in custody' to require that consecutive sentences be viewed in the aggregate, we will not now adopt a different construction simply because the sentence imposed under the challenged conviction lies in the past rather than the future." *Id.* at 45, 115 S.Ct. 1948. In conclusion, the Court reiterated that "[u]nder *Peyton*, we view consecutive sentences in the aggregate, not as discrete segments." *Id.* at 47, 115 S.Ct. 1948.

In distinguishing the instant case from *Peyton* and *Garlotte*, Respondent contends that those decisions apply to cases involving either petitioners who received consecutive sentences as part of one proceeding or which were imposed for convictions that did not arise from crimes committed subsequent to the imposition of the first sentence. Respondent notes that in *Peyton* the second sentence arose out of the same offense giving rise to the first sentence, and that in *Garlotte* the consecutive sentences were imposed at one proceeding. However, nowhere does the *Garlotte* or *Peyton* Court give any indication that the fact that the sentences were imposed on the same day, or resulted from the same events, was a factor, or proved dispositive, in those decisions.

Indeed, in *Maleng*, the Supreme Court applied *Peyton* even when the consecutive sentences were imposed in separate proceedings. The *Maleng* petitioner was sentenced in state court in 1958 to twenty years in prison. Paroled, he was arrested on state charges of assault and aiding a prisoner to escape and on federal charges of bank robbery and conspiracy. In 1978, he was convicted and sentenced to the new state and federal charges and began service of his federal sentence. As stated above, the Court held that because the 1958 sentence had been completed by the time petitioner filed for a writ of habeas corpus in 1985, he was no longer "in custody" on that conviction. However, it also concluded that he was "in custo-

dy" on the subsequent state and federal convictions, even though he had not yet begun serving the state sentence because a detainer for that case had been lodged against him. *See Maleng,* 490 U.S. at 493–94, 109 S.Ct. 1923. *Maleng,* like the instant case, involved consecutive sentences received at separate proceedings. The Court found habeas review to be appropriate as to the 1978 state conviction. *See id.*

Moreover, that the rule enunciated in *Peyton* and *Garlotte* is not as narrow as Respondent desires is evidenced by the broad language used by the Supreme Court. For instance, the *Garlotte* Court stated: "We therefore hold that *Garlotte* remains 'in custody' under all of his sentences until all are served, and now may attack the conviction underlying the sentence scheduled to run first in the series." *Garlotte,* 515 U.S. at 41, 115 S.Ct. 1948. Additionally, as stated by the *Peyton* Court, "[w]e ... hold that a prisoner serving consecutive sentences is 'in custody' under any one of them." *Peyton,* 391 U.S. at 67, 88 S.Ct. 1549. Smalls thus contends that since he is serving three aggregate sentences—and was doing so at the time he filed his habeas petition—in accordance with *Peyton* and *Garlotte,* he may attack the first of those sentences.

That Smalls' analysis surpasses Respondent's is supported by a letter attached to Respondent's motion papers. The letter, dated May 28, 1998, of Richard de Simone, Associate Counsel of New York State's Department of Correctional Services (the "de Simone Letter"), reviews Smalls' criminal history and relays the calculation of his release dates. As stated in the de Simone Letter, Smalls was sentenced on the instant conviction on December 2, 1987, to indeterminate incarceration with a minimum of two and a maximum of six years imprisonment and a concurrent term of one to three years as a Youthful Offender. Paroled on September 5, 1989, Smalls was rearrested while still on parole, and on January 1, 1991, was sentenced to three to six years for a new conviction, with that sentence to run "consecutively to his 1987 sentences by operation of Penal Law § 70.25(2–a)." Smalls was paroled again on May 18, 1993, only to be rearrested,

and on May 10, 1994, he was sentenced on his new conviction to four to eight years, with this sentence running "consecutively to his 1987 and 1991 sentences by operation of Penal Law § 70.25(2–a)." As the de Simone Letter concludes, Smalls "has been serving the aggregate of his 1987, 1991 and 1994 sentences since his return to [the Department of Corrections Services] since 1994."

Although the factual scenario at bar resembles *Maleng* in that Smalls committed a subsequent offense while on parole from an initial offense, the cases part company when assessing whether the challenged conviction had fully expired at the time the petition was filed. In *Maleng* it had. Here, however, pursuant to the calculations in the de Simone Letter, when Smalls filed his habeas petition in 1997, he was serving the aggregate of three sentences, including the 1987 sentence. Respondent has not persuaded this Court that service on the 1987 conviction was complete at the date the petition was filed. Under the reasoning of *Garlotte* and *Peyton,* Smalls remains "in custody" under "all of his sentences until all are served." *Garlotte,* 515 U.S. at 41, 115 S.Ct. 1948.

Respondent proposes that a state prisoner, such as Smalls, who continues to serve his sentence should not reap "a procedural windfall" by being permitted to extend the term of his custody through subsequent arrests. In support for this proposition, Respondent has provided no authority. According to Respondent, it is indisputable that but for his continued criminal activity while on parole, Smalls would have completed the sentence under his 1987 conviction on March 24, 1993. This is true. Yet the fact remains that Smalls is incarcerated, serving time on those subsequent arrests. Succeeding in his challenge of the 1987 conviction will not negate his subsequent convictions. Any "windfall," procedural or otherwise, is not apparent to this Court.

Because the records submitted reflect that Smalls was serving the aggregate of his 1987, 1991, and 1994 sentences from 1994 to the present, he was "in custody" within the meaning of §§ 2241(c)(3) and 2254(a) on the 1987 conviction at the time he filed his petition for habeas relief. Thus, the judgment

granting Smalls' petition for a writ of habeas corpus will not be vacated as void for lack of subject matter jurisdiction.

### Conclusion

For the reasons set forth above, Respondent's motion pursuant to Rule 60(b)(4) is hereby denied.

It is so ordered.