(January 10, 1995)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALVAREZ, Appellant. [620 NYS2d 381] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered July 20, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, affirmed.

The trial court's issuance of a proper *Allen* charge, after its questionable supplemental instruction to the jury to "accommodate" inconsistencies, alleviated any prejudice that may have been caused by that prior instruction. Defendant's claim that the court gave an improper adverse inference charge is not preserved for appellate review as a matter of law *(People v Nunez,* 182 AD2d 527, *lv denied* 80 NY2d 836), and we decline to review it in the interest of justice since, to the extent the charge may have implied that defendant's decision not to

testify was a trial strategy, the error if any, when viewed in the context of the entire charge was harmless. Contrary to defendant's claim, the charge did not unambiguously convey that the defendant should have testified (see, People v Autry, 75 NY2d 836, 839).

Defendant's final claim that the arresting officer bolstered the undercover officer's identification testimony is also not preserved as a matter of law, and, in any event without merit. In the context of buy-and-bust operations, neither police testimony as to a confirmatory drive-by identification (People v Rosado, 191 AD2d 262, 263, lv denied 81 NY2d 1019), nor an undercover's description of the seller given to an arresting officer (People v Sarmiento, 168 AD2d 328, 329, affd 77 NY2d 976) constitutes bolstering. Concur—Wallach, Kupferman and Asch, JJ.

Murphy, P. J., and Rosenberger, J., dissent in a memorandum by Rosenberger, J., as follows: I would reverse the judgment and remand the matter for a new trial.

The defendant put forth a mistaken identity defense, based upon inconsistencies in the descriptions provided by the officers, and emphasizing that the pre-recorded "buy" money was not recovered, although he was arrested almost immediately after the alleged sale.

On June 16, 1992, at approximately 11:10 A.M., the jury began deliberations. At about 9:20 P.M., they sent out a note stating that they could not agree and would like to be dismissed. In response, the court instructed the jury, in pertinent part, as follows: "The jury * * * must deliberate, yes, but in the course of that deliberation they must accommodate some inconsistencies, perhaps, that appear on the surface by what one or another juror may be urging, as you know you must, conflicting testimony as well as conflicting ideas that are cast about in the jury room". Defense counsel objected to this portion of the court's supplemental charge, and moved for a mistrial, or an immediate curative instruction. The court denied the motion, no curative instructions were given, and at 10:45 P.M. the court adjourned for the night and the jury was ordered sequestered. At about 11:30 A.M. the next day, the court admonished the jurors to attempt to resolve inconsistencies only if they were "honestly able to do so". The court never told the jury that it was correcting its earlier inappropriate charge, nor in any way referred to the significant conflict between the first and second Allen charges. Defense counsel renewed his motion for a mistrial, which was denied.

At about 2 o'clock that afternoon, the jury returned a verdict, convicting the defendant as indicated.

The court's instruction to the jury to "accommodate" inconsistencies was coercive, and unbalanced, diminishing the principle that jurors come to their own judgment and not merely acquiesce in the conclusions of others *(Allen v United States,* 164 US 492, 501; *People v Rodriguez,* 141 AD2d 382, 385-386; *People v Ali,* 65 AD2d 513, 514, *affd* 47 NY2d 920; *People v Karamanites,* 104 AD2d 899, 901). Because the defense was based upon inconsistencies and conflicting testimony of the prosecution's witnesses, the supplemental charge was particularly inappropriate. Such error cannot be deemed harmless because the jury's deadlocked state indicates that defendant's guilt was hardly overwhelming *(see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Williams,* 133 AD2d 717, 720).

Also troubling was the trial court's adverse inference charge, which stated that the defendant "chose, on the advice of counsel, not to testify". The defendant's objection to this language was, as the majority note, not preserved for appellate review as a matter of law. However, were the issue preserved, I would find that it erroneously emphasized that the defendant's choice was a tactical decision, made by the defendant's lawyer, rather than the exercise of a constitutional right. As such it was improper *(see, People v Gale,* 138 AD2d 401, 402-403).