■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HAGAR, Appellant. [629 NYS2d 392] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered March 30, 1993, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Defendant's claim that the arresting officer bolstered the undercover officer's identification testimony is not preserved as

a matter of law for failure to interpose specific objections to the arresting officer's testimony (*see*, *People v Alvarez*, 211 AD2d 425, 426; *People v Balls*, 69 NY2d 641), and, in any event, is without merit. It is well settled in the context of buy-and-bust operations that neither police testimony as to a confirmatory drive-by identification, nor an undercover's description of the seller given to an arresting officer, constitutes bolstering (*People v Alvarez*, *supra*). Such testimony provides a necessary explanation of the events which precipitated defendant's arrest (*People v Sarmiento*, 168 AD2d 328, 329, *affd* 77 NY2d 976). We note that the partial discrepancies in the undercover's description of defendant's clothing are without significance in view of the fact that upon defendant's arrest, he was in possession of the pre-recorded buy money. In addition, from the trial evidence and the permissible inferences to be drawn from it, it could be inferred that defendant had quick and convenient access to a nearby apartment after the sale to the undercover where he hid the drugs and partially changed his clothes. We further note that the undercover's confirmatory drive-by identification was, under the circumstances, reliable. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.