■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FONZO GRANT, Appellant. [633 NYS2d 150] —Judgment, Supreme Court, New York County (Robert Haft, J., at trial; Felice Shea, J., at sentence), rendered March 17, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled

substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 6 to 12 years and 3 to 6 years, respectively, unanimously affirmed.

We reject defendant's claim of improper "bolstering". Testimony which provides a narrative of the events leading to a defendant's arrest and an explanation for why the officers ultimately arrested a particular defendant is proper (*People v Candelario*, 156 AD2d 191, *lv denied* 75 NY2d 964). In addition, in "buy and bust" cases, an arresting officer's testimony as to a confirmatory drive-by identification is admissible and does not constitute bolstering (*People v Alvarez*, 211 AD2d 425, *affd* 86 NY2d 761; *People v Rosado*, 191 AD2d 262, *lv denied* 81 NY2d 1019).

Defendant's summation claim is not preserved (CPL 470.05 [2]). In any case, the isolated comment of the prosecutor of which defendant now complains, even if not an accurate statement of the specific testimony to which it referred, was fairly inferable from other evidence adduced, and did not deprive defendant of a fair trial. Concur—Ellerin, J. P., Wallach, Nardelli and Williams, JJ.