■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SALA, Appellant. [670 NYS2d 98] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered February 6, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Even if we were to assume that the testimony challenged by defendant suggested the existence of contemporaneous uncharged drug sales (*cf., People v Granado*, 222 AD2d 286, *lv denied* 88 NY2d 848), the testimony would have been admissible to complete the narrative and as relevant to the People's explanation regarding the absence of the pre-recorded buy money from the currency found in defendant's possession (*see, People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). Any possible prejudice was effectively eliminated by the court's limiting instructions, which were presumably understood and followed by the jury (*see, People v Davis*, 58 NY2d 1102, 1104).

Defendant's argument that the arresting officer's testimony

improperly bolstered the undercover's drive-by confirmatory identification is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find the argument meritless since, it is well settled that in buy and bust cases an arresting officer's testimony that the undercover officer made a confirmatory drive-by identification does not constitute improper bolstering (*People v Grant*, 221 AD2d 155, *lv denied* 87 NY2d 921; *People v Alvarez*, 211 AD2d 425, *affd* 86 NY2d 761). Concur—Ellerin, J. P., Wallach, Tom and Mazzarelli, JJ.