**27** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DELPILAR, Appellant. [742 NYS2d 200] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered on or about December 18, 2000, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 22 years to life, unanimously affirmed.

The court properly exercised its discretion in permitting the prosecutor to reopen direct examination of a witness after cross-examination had commenced, as the result of a witness-initiated conference between the witness and the prosecutor that had occurred during a recess. The court conducted a hearing, outside the presence of the jury, in which it was established that the witness had originally been too frightened to identify defendant but had become willing to do so. She had not been asked to make an in-court identification during her original direct examination because at that time the prosecutor did not know that the witness had the ability to do so. Accordingly, although midtestimony conferences with witnesses are disfavored, the truth-seeking function of the trial was promoted, rather than impaired, by permitting the witness to make an in-court identification (*see, People v Branch*, 83 NY2d 663; *People v Thanh Giap*, 273 AD2d 54, 55, *lv denied* 95 NY2d 872; *People v Young*, 266 AD2d 93, 94, *lv denied* 94 NY2d 927). The court adequately safeguarded defendant's right to a fair trial by barring the prosecution from introducing any details about why the witness changed her story other than generalized testimony that she was frightened, permitting defendant to cross-examine the witness about her conversation with the prosecutor and about her change in testimony, and allowing defendant to argue in summation that improper coaching might

have caused the change in testimony (*see, People v Branch, supra*, 83 NY2d at 667-668). Since the circumstances were fully explained to the jury by way of direct and cross-examination of the witness, we reject defendant's argument that there should have been further explanation by the court.

The record reveals that defendant received a sufficient opportunity to introduce evidence regarding the codefendant's motive for killing the victim, and defendant could not have been prejudiced by any restrictions imposed by the court (*see, Delaware v Van Arsdall*, 475 US 673, 678-679). The motive evidence was not particularly exculpatory of defendant in the first place. Although defendant claims that this evidence tended to show that the codefendant had a homicidal motive not shared by defendant, the evidence cut both ways in that it also tended to establish a motive for defendant to assist the codefendant, his very close friend, in killing the victim. In any event, were we to find any error in the court's restriction on the introduction of this evidence, we would find it to be harmless in view of the overwhelming evidence of defendant's guilt in this multiwitness case.

The court properly exercised its discretion in denying defendant's mistrial motion based on the introduction of hearsay testimony. The court ultimately struck the testimony with thorough curative instructions, which were based in part upon language requested by defendant and which were never claimed by defendant to be inadequate. These instructions, which the jury is presumed to have followed (*People v Davis*, 58 NY2d 1102, 1104), were sufficient to prevent any prejudice (*see also, People v Santiago*, 52 NY2d 865).

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Andrias, Buckley, Wallach and Lerner, JJ.