■ ·THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASIM ADAMS, Appellant. [744 NYS2d 316] —Judgment, Supreme Court, Bronx County (Patricia Williams, J.), rendered October 18, 1999, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

Since defendant did not, at any time during the *Sandoval* proceedings, give any indication that he wished to preclude inquiry as to his parole status, his present claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's sentence and parole for a felony conviction, the nature of which was precluded, was relevant to credibility (*see, People v Walker*, 223 AD2d 414, *lv denied* 88 NY2d 887; *People v Mendez*, 221 AD2d 162, *lv denied* 87 NY2d 923).

Defendant's complaint about alleged hearsay testimony by a police witness is unpreserved and we decline to review it in the

interest of justice. Were to review this claim, we would find that, when read in proper context, the arresting officer's testimony about the events leading to defendant's arrest was not hearsay (see, People v Grant, 221 AD2d 155, lv denied 87 NY2d 921).

The court properly exercised its discretion in denying defendant's mistrial motion directed at a remark in the prosecutor's summation about not knowing what was in defendant's mind. This was a fair comment on the evidence in proper response to the defense summation and the defense raised, and was not an indirect comment on defendant's failure to testify (see, People v Watson, 188 AD2d 315, lv denied 81 NY2d 849). Defendant's remaining challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would similarly find no error. Concur—Williams, P.J., Andrias, Lerner, Rubin and Friedman, JJ.