■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS PARRENO, Appellant. [760 NYS2d 839] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered August 16, 2001, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts) and unlawful imprisonment in the first degree, and sentencing him to four concurrent terms of 15 years concurrent with a term of $1^1/_3$ to 4 years, unanimously affirmed.

The totality of the record establishes that defendant received effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *People v Hobot,* 84 NY2d 1021, 1024 [1995]), notwithstanding the fact that his trial counsel did not

request an alibi charge concerning defendant's unbelievable and uncorroborated alibi testimony (*see People v Coleman,* 283 AD2d 321 [2001], *lv denied* 96 NY2d 917 [2001]). The court's charge conveyed the same principles as those underlying an alibi instruction (*see People v Warren,* 76 NY2d 773 [1990]; *People v Anderson,* 268 AD2d 368 [2000], *lv denied* 95 NY2d 793 [2000]), and the absence of an alibi instruction did not deprive defendant of a fair trial.

Defendant did not preserve his contention that the court improperly permitted the People to introduce, on their direct case, evidence of defendant's efforts to manufacture a false alibi, and we decline to review it in the interest of justice. Were we to review this claim, we would find that evidence that defendant proffered a false alibi constituted affirmative evidence of his consciousness of guilt (*see People v Ficarrota,* 91 NY2d 244, 250 [1997]). Accordingly, it was admissible on the People's direct case regardless of whether or not defendant chose to present an alibi defense at trial.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Tom, Sullivan and Marlow, JJ.