■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL JENKINS, Appellant. [811 NYS2d 69]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered February 6, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6½ to 13 years, unanimously affirmed.

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant failed to make a prima facie showing of racial discrimination in the People's exercise of their peremptory challenges inasmuch as defendant's limited statistical evidence was not strong enough, by itself, to raise an inference of discrimination (*see People v Brown,* 97 NY2d 500, 507-508 [2002]; *People v Childress,* 81 NY2d 263, 266-267 [1993]; *cf. Castaneda v Partida,* 430 US 482, 496 n 17 [1977]), and it was unsupported by any assertions of disparate treatment of similarly situated panelists or other relevant circumstances. Therefore, defendant did not produce "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" (*Johnson v California,* 545 US 162, — , 125 S Ct 2410, 2417 [2005]).

The court properly admitted evidence that, at a prior trial not resulting in a verdict, defendant gave alibi testimony containing certain details that were demonstrably false. Defendant's prior testimony, coupled with independent evidence tending to estab-

lish the falsity of this aspect of his alibi, was admissible to show defendant's consciousness of guilt (*see People v Russell,* 266 NY 147, 152-153 [1934]), and the court provided suitable limiting instructions in this regard.

As the People correctly maintained at trial, the evidence they sought to admit was admissible on their direct case, "regardless of whether or not defendant chose to present an alibi defense at trial" (*People v Parreno,* 306 AD2d 176, 177 [2003]). Although the court erred in ruling that the People could not elicit this evidence on their direct case, the court did not err in permitting the People to elicit it on their rebuttal case. First, "[r]ebuttal evidence is evidence which overcomes some affirmative fact which defendant has tried to prove" (*People v Alvino,* 71 NY2d 233, 248 [1987]). Here, defendant called a witness in an attempt to prove that defendant was with the witness at the time of the crime. Defendant's prior testimony and the independent testimony was proper rebuttal evidence because it tended to negate the alibi. Second, CPL 260.30 (7) grants discretionary authority to trial courts to vary the order of proof and permit a party to offer evidence upon rebuttal "which is not technically of a rebuttal nature but more properly a part of the offering party's original case" (*see People v Alvino,* 71 NY2d at 248). Defendant's claim that he was prejudiced by the sequence of events and the timing of the court's ruling is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be speculative and unsupported by the record.

Defendant's "bolstering" claim regarding testimony as to the undercover officer's description of the seller is also unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit (*see e.g. People v Hagar,* 216 AD2d 119 [1995], *lv denied* 86 NY2d 795 [1995]). Concur—Saxe, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.