■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BOWMAN, Appellant. [909 NYS2d 720]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered August 3, 2006, convicting defendant, after a jury trial, of assault in the first degree, attempted robbery in the first and second degrees and conspiracy in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

Defendant did not preserve his challenges to the legal sufficiency of the evidence and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We further find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The accomplice's testimony was sufficiently corroborated by that of the victim and by telephone records (*see e.g. People v Reome*, 15 NY3d 188, 192-193 [2010]). Defendant's acquittal of weapon possession charges does not warrant a different conclusion with respect to the sufficiency or weight of the evidence (*see People v Rayam*, 94 NY2d 557 [2000]). To the extent that defendant is raising a repugnant verdicts claim, that claim is likewise unpreserved and without merit.

By failing to object, or by objecting on different grounds from those raised on appeal, defendant failed to preserve his current objections to the admission of his testimony from a prior trial, statements from his proffer session, and the victim's additional testimony after being recalled to the stand, and we decline to review them in the interest of justice. As an alternative holding,

we also reject them on the merits. Defendant's prior testimony was properly admitted as an admission (*see e.g. People v Jenkins*, 27 AD3d 372, 373 [2006], *lv denied* 7 NY3d 757 [2006]). Even if defendant's statements from his proffer session should have been admitted on rebuttal instead of the People's case-in-chief, the error was harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]). As for the victim's additional testimony, "the order of proof at trial is committed to the sound discretion of the trial court" (*People v Caban*, 5 NY3d 143, 151 [2005]), and it was a provident exercise of discretion under the circumstances presented to permit the People to reopen their examination of the victim (*see People v Hodge*, 308 AD2d 413, 414 [2003], *lv denied* 1 NY3d 540 [2003]), even after cross-examination (*see People v Delpilar*, 293 AD2d 365 [2002], *lv denied* 98 NY2d 696 [2002]).

Defendant was properly adjudicated a persistent violent felony offender. The court correctly applied the provision whereby the 10-year limitation on use of prior convictions is tolled for periods of incarceration (*see* Penal Law § 70.04 [1] [b] [v]), and defendant's arguments to the contrary are without merit.

Since defendant received the minimum sentence permitted by law (*see* Penal Law § 70.08 [2], [3] [a-1]), this court has no authority to reduce it in the interest of justice. Defendant failed to preserve his argument that his mandatory minimum sentence was unconstitutionally excessive, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see Rummel v Estelle*, 445 US 263, 271 [1980]; *People v Broadie*, 37 NY2d 100, 110-111 [1975], *cert denied* 423 US 950 [1975]).

Motion seeking enlargement of time to file pro se reply brief denied.

We have considered and rejected defendant's pro se claims. Concur—Tom, J.P., Saxe, Catterson, Renwick and DeGrasse, JJ.